```
 1  Stephen J. Nutting
    Law Office of Stephen J. Nutting
 2  6th Floor Marianas Business Plaza
    P.O. Box 5093 Saipan, MP 96950
 3  Michael Chen
 4  Michael Chen Law Offices
    7330 Edna Ave.
 5  Las Vegas, NV 89117
    (Pro Hac Vice Pending)
 6
 7  Attorneys for Plaintiff IPI (CNMI) LLC
```

FILED
Clerk
District Court

FEB 23 2024

for the Northern Mariana Islands
By _____ 
         (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC,<br><br>Plaintiff,<br><br>Vs.<br><br>Commonwealth of the Northern Mariana Islands, Arnold Palacios, governor of CNMI, in his official and personal capacities; Edward C. Deleon Guerrero, Chairman of CCC, in his official and personal capacities; Rafael S. Demapan, Vice Chairman of CCC, in his official and personal capacities; Mariano Taitano, Commissioner of CCC, in his official and personal capacities; Martin Mendiola, Commissioner of CCC, in his official and personal capacities; Ramon M. Dela Cruz, Commissioner of CCC, in his official and personal capacities; Andrew Yeom, Executive Director of CCC, in his official and personal capacities;<br><br>Defendants. | Case No. **CV 24-00002**<br><br>**COMPLAINT FOR**<br><br>1. **UNCONSTITUTIONAL IMPAIRMENT OF CONTRACT AND VIOLATION OF THE CONTRACTS CLAUSE OF THE U.S AND CNMI CONSTITUTIONS;**<br>2. **VIOLATION OF THE TAKINGS CLAUSE OF THE U.S. CONSTITUTION ;**<br>3. **VIOLATION OF THE DUE PROCESS CLAUSES OF THE U.S. AND CNMI CONSTITUTIONS;**<br>4. **BREACH OF CASINO LICENSE AGREEMENT**<br>5. **DECLARATORY RELIEF, INJUNCTION AND RESTITTUION.**<br><br>**DEMAND FOR JURY TRIAL** |

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

1. Plaintiff, Imperial Pacific International (CNMI), LLC; (hereinafter referred to as "IPI"), by and through its undersigned counsels, as and for its complaint against Commonwealth of the Northern Mariana Islands ("CNMI"), Arnold Palacios, governor of CNMI, in his official and personal capacities; Edward C. Deleon Guerrero, Chairman of CNMI Commonwealth Casino Commission ("CCC"), in his official and personal capacities; Rafael S. Demapan, Vice Chairman of CCC, in his official and personal capacities; Mariano Taitano, Commissioner of CCC, in his official and personal capacities; Martin Mendiola, Commissioner of CCC, in his official and personal capacities; Ramon M. Dela Cruz, Commissioner of CCC, in his official and personal capacities; Andrew Yeom, Executive Director of CCC, in his official and personal capacities; alleges as follows:

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental), and 42 U.S.C. § 1983.

## VENUE

3. Venue is proper in the federal district court for the Northern Mariana Islands in that Defendants reside and do business in this District, including business related to the claims asserted herein, 28 U.S.C. Section 1391 (b) (1), the events on which the claims are based occurred in this District, 28 U.S.C. Section 1391(b) (2), and the property which is the subject of this action is located in this District, 28 U.S.C. Section 1391 (b) (2).

## IDENTIFICATION OF PARTIES

4. Plaintiff IPI is a limited liability company organized under the law of the Commonwealth of the Northern Mariana Islands, with its principal place of business at PMB 895 Box 10001, Saipan, 96950, Northern Mariana Islands. Its sole member is Best Sunshine International Ltd. (BVI). ("hereinafter referred to as "Best Sunshine"). Best Sunshine is a corporation organized under the law of the British Virgin Islands, with its principal place of

business at P.O Box 957. Offshore Incorporation Centre, Road Town, Tortola, British Virgin Islands. Best Sunshine is a wholly owned subsidiary of Imperial Pacific International Holdings Ltd., a publicly traded company on the Hong Kong Stock Exchange and was incorporated under the laws of Hong Kong, China.

5. Defendant COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS ("CNMI") is a government entity lawfully created by the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America.

6. Defendant Arnold Palacios ("Palacios") is a United States citizen, residing in Saipan, CNMI. As of January 22, 2024, defendant Palacios is the Governor of the CNMI. Defendant Palacios is being sued in his official and individual capacities.

7. The Commonwealth Casino Commission ("CCC") is the casino gaming regulatory agency of the Commonwealth of the Northern Mariana Islands ("CNMI") government that oversees and regulates the activities of the exclusive casino licensee operating in Saipan. CCC was established pursuant to 4 CMC Section 2313 under PL 18-56 on July 11, 2014.

8. Defendant Edward C. Deleon Guerrero ("Guerrero"), who is a United States citizen, residing in Saipan, CNMI. As of January 22, 2024, Defendant Guerrero is a commissioner and Chairman of CCC. Defendant Guerrero is being sued in his official and individual capacities.

9. Defendant Rafael S. Demapan ("Demapan"), who is a United States citizen, residing in Saipan, CNMI. As of January 22, 2024, Defendant Demapan is a commissioner and Vice Chairman of CCC. Defendant Demapan is being sued in his official and individual capacities.

10. Defendant Mariano Taitano ("Taitano"), who is a United States citizen, residing in Saipan, CNMI. As of January 22, 2024, Defendant Taitano is a commissioner of CCC. Defendant Taitano is being sued in his official and individual capacities.

11. Defendant Martin Mendiola ("Mendiola"), who is a United States citizen, residing in Saipan, CNMI. As of January 22, 2024, Defendant Mendiola is a commissioner of CCC. Defendant Mendiola is being sued in his official and individual capacities.

12. Defendant Ramon M. Dela Cruz ("Cruz"), who is a United States citizen, residing in Saipan, CNMI. As of January 22, 2024, Defendant Cruz is a commissioner of CCC. Defendant Cruz is being sued in his official and individual capacities.

13. Defendant Andrew Yeom ("Yeom"), who is a United States citizen, residing in Saipan, CNMI. As of January 22, 2024, Defendant Yeom is the Executive Director of CCC. Defendant Yeom is being sued in his official and individual capacities.

## FACTUAL ALLEGATIONS

14. On or about August 12, 2014, IPI entered into a Casino License Agreement (CLA) with the Governor and the Commonwealth Lottery Commission. Under CLA, among other obligations, IPI would pay a fifteen million dollars ($15,000.000.00) annual Casino License Fee. IPI dutifully paid the annual license fee each year between 2014 and 2019.

15. On December 4, 2015, CNMI promulgated Public Law 19-24, which imposes a new obligation on IPI to pay CCC an annual "Casino Regulatory Fee" of three million dollars ($3,000.000.00) on or before October 1 of each year beginning October 1, 2015 ("Regulatory Fee Statute"). That fee is due to CCC "regardless of the actual costs incurred by the [CCC]." 4 C.M.C. Section 2309 (a). IPI dutifully paid the Casino Regulatory Fee each year from 2015 through 2019.

16. Before Public Law 19-24 was signed by then Acting Governor, Ralph DLG. Torres, the CNMI legislature's statutory language provided for a "Nonrefundable Credit" to the $3M regulatory fee. The nonrefundable credit would allow IPI to apply the fees paid to CCC as a credit against taxes on general revenue as imposed by 4 C.MC. Section 1301. The Acting Governor vetoed the provision of "Nonrefundable Credit" with the stated reason that, "the cost of regulating casino gaming activities on Saipan are to be paid in full by the licensee." See **Exhibit A.**

17. Due to a number of force majeure events and suspension of the casino license by CCC, IPI has been unable to make the payment for the annual regulatory fee since October 1, 2020.

18. On or about October 6, 2020, Defendant Yeom brought a complaint 2020-005 before Defendants Guerrero, Demapan, Taitano, Mendiola, and Cruz as commissioners of CCC.

19. On or about April 22, 2021, in response to Complaint 2020-005, Defendants Commissioners Guerrero, Demapan, Taitano, Mendiola, and Cruz, unanimously issued Commission Order 2021-002, which suspended IPI's exclusive casino license indefinitely due to the nonpayment of the regulatory fees.

20. IPI sought judicial review of Commission Order 2021-002 before CNMI Superior Court.

21. IPI later appealed the decision by CNMI Superior Court to CNMI Supreme Court.

22. On August 23, 2023, CNMI Supreme Court remanded the case back to CCC for further proceedings.

23. Based upon information and belief, Defendants Commissioners Guerrero, Demapan, Taitano, Mendiola, and Cruz have not conducted any further proceedings with respect to Commission Order 2021-002 after the issuance of the opinion by CNMI Supreme Court.

24. On or about December 1, 2023, CCC issued a demand of $17,625,000.00 to be paid within 30 days related to the regulatory fees, as well as fines and penalties, as a prerequisite for IPI's license being restored and for IPI to resume its business in CNMI.

## CONSTITUTIONAL AND STATUTORY GROUNDS

25. The Contracts Clause of the United States Constitution (U.S. Const. Art. I. Section 10, cl. 1) prohibits any state from passing a "law impairing the obligation of contracts."

26. Article 1, Section 1 of the CNMI Constitution likewise states that "[n]o law shall be made that is a bill of attainder, an ex post facto law, a law impairing the obligation of contracts…"

27. Under the Takings Clause of the Fifth Amendment to the U.S. Constitution, made applicable to the States by the Fourteenth Amendment (U.S. Const., Amends. V & XIV), the government is barred "from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Armstrong v. United States, 364 U.S. 40, 49 (1960).

28. Under the Due Process Clause of the Fourteenth Amendment to the U.S Constitution, the government shall not deprive any person of life, liberty or property, without due process of law, or deny to any person the equal protection of the laws.

29. Article 1, Section 5 of the CNMI Constitution likewise states that "[n]o person shall be deprived of life, liberty or property without due process of law."

30. In 1975, the United States and the CNMI entered into the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant"), providing that the CNMI would have Commonwealth status, the Covenant was signed into law by the U.S. Congress in 1976 and fully implemented in November 1986.

31. Under Section 501(a) of the Covenant, the Contracts Clause, the Takings Clause, and the Due Process Clause and Equal Protection Clause of the United States Constitution are applicable to the CNMI.

32. 42 U.S.C. § 1983 provides that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."

## FIRST CAUSE OF ACTION
### (Against Defendants for Unconstitutional Impairment of CLA, in Violation of the Contracts Clause of the United States and CNMI Constitutions)

33. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs.

34. Plaintiff hereby seeks declaratory, injunctive and equitable relief to prevent Defendants from violating and continuing to violate, the Contracts Clauses of the United States Constitution and CNMI Constitution.

35. CNMI and IPI had an existing contractual relationship that provides IPI with certain contractual and property rights to operate a casino in CNMI in exchange for substantial compensation to CNMI.

36. Acting under color of Commonwealth law, Defendants have caused IPI to suffer a substantial deprivation of its contract rights in violation of the federal and commonwealth constitutions. The Regulatory Fee Statute imposed additional fees for doing business in CNMI, which constitutes a substantial and unconstitutional impairment of the CLA. IPI was and is still required to pay the $3M annual regulatory fee as a prerequisite to exercising its existing contractual and property rights set forth explicitly in the CLA, rights for which it already has compensated CNMI. In essence, Defendants are double-charging IPI. The annual regulatory fees are substantial, and the impairment to the express and implied terms of the CLA is direct. The later imposed regulatory fees, Commission Order 2021-002, and the most recent demand for immediate payment by Defendants, effectively nullify the explicit terms of the CLA and impose completely unexpected and new liabilities and limitations on the operation of IPI.

37. IPI has incurred and will continue to incur attorney's fees and costs because of these proceedings, in amounts that cannot yet be ascertained, which are recoverable in this action under the provisions of 42 U.S.C. Section 1988 (b).

## SECOND CAUSE OF ACTION
### (42 U.S.C. §1983: Against Defendants for Violation of the Taking Clause of the United States Constitution)

38. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs.

39. Plaintiff hereby seeks declaratory, injunctive and equitable relief to prevent Defendants from violating and continuing to violate the Takings Clause in the Fifth Amendment to the United States Constitution, made applicable to CNMI through the Fourteenth Amendment, as well as the Section 501 (a) of the Covenant.

40. Acting under color of law, Defendants have arbitrarily caused IPI to suffer a deprivation of its federal and commonwealth constitutional rights. Defendants require IPI to pay excessive and unlawful fees pursuant to the later enacted Regulatory Fee Statute without formal condemnation, as a condition for IPI to operate its business under the CLA despite the CLA already expressly providing for an annual license fee and no such regulatory fee, and further despite IPI being legally prohibited from operating the casino during the pandemic and when its license was suspended. By the enactment and implementation of the regulatory fee statute, the issuance of Commission Order 2021-002, and the most recent demand for immediate payment by Defendants, Defendants are thereby permanently, directly and substantially interfering with IPI's use and enjoyment of its contractual and property rights, amounting to an unauthorized taking without just compensation.

41. IPI has incurred and will continue to incur attorney's fees and costs because of these proceedings, in amounts that cannot yet be ascertained, which are recoverable in this action under the provisions of 42 U.S.C. Section 1988 (b).

### THIRD CAUSE OF ACTION
### (42 U.S.C. §1983: Against Defendants for Violation of the Due Process Clauses of the United States and CNMI Constitutions)

42. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs.

43. Plaintiff hereby seeks declaratory, injunctive and equitable relief to prevent Defendants from violating and continuing to violate the Due Process Clauses in the Fourteenth Amendment to the United States Constitution, made applicable to CNMI by the Section 501 (a) of the Covenant.

44. Plaintiff hereby seeks declaratory, injunctive and equitable relief to prevent Defendants from violating and continuing to violate the Due Process Clauses in the CNMI Constitution.

45. Acting under color of law, by the enactment and implementation of the regulatory fee statute, the issuance of Commission Order 2021-002, and the most recent demand for immediate payment by Defendants, Defendants have caused IPI to suffer a deprivation of its federal and commonwealth constitutional rights. Defendants require IPI to pay excessive and unlawful fees pursuant to the later enacted Regulatory Fee Statute without due process of law in violation of Section 1 of the Fourteenth Amendment, as a condition for IPI to operate its business under the CLA.

46. Acting under color of law, Defendants have caused IPI to suffer a deprivation of its federal and commonwealth constitutional rights. CCC requires IPI alone to pay excessive and unlawful fees pursuant to the later enacted Regulatory Fee Statute, which violates the Due Process Clause of CNMI Constitution.

47. The actions of Defendants in enacting and implementing the annual regulatory fee statute, and the issuance of Commission Order 2021-002, and the recent demand for immediate payment of the regulatory fees, were and are arbitrary, capricious and unreasonable in the following respects, among others:

a) The annual regulatory fees have the effect of circumventing the clear and unambiguous terms of the CLA, which provides for the payment of a specified business license fee as compensation for the right and privilege obtained by IPI for operating a casino in CNMI;

b) The annual regulatory fee imposed by CNMI and as implemented by Defendants, by its own explicit language, bears no reasonable relationship to the true costs of regulating the casino industry;

c) The annual regulatory fees imposed by CNMI and as implemented by Defendants, consistently exceeded the actual costs of the operation of CCC. See **Exhibit B**;

d) Defendants have significant, direct, and personal pecuniary interests in enforcing the regulatory fees statute against IPI.

48. IPI has incurred and will continue to incur attorney's fees and costs because of these proceedings, in amounts that cannot yet be ascertained, which are recoverable in this action under the provisions of 42 U.S.C. Section 1988 (b).

## FOURTH CAUSE OF ACTIONS

### (Against Defendants for Breach of Casino License Agreement)

49. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs.

50. Plaintiff hereby requests declaratory, injunctive and equitable relief pursuant to 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure.

51. Actual controversies have arisen between IPI and Defendants with regard to whether the annual regulatory fee imposed by Defendants as a prerequisite for IPI to operate its business violate the terms of the CLA.

52. The enactment and implementation of the regulatory fee statute, the issuance of Commission Order 2021-002, and the most recent demand for immediate payment by Defendants, constitute a breach of the CLA and an improper unilateral modification of the CLA.

53. IPI seeks declaratory relief and a judicial determination, pursuant to 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure:

(a). that the imposition of the annual regulatory fee is in contravention of the CLA;

(b). that the IPI is either exempt from or not subject to the annual regulatory fee because of the pre-existing agreement with CNMI;

(c). that the annual regulatory fee statute as applied to IPI is unconstitutional;

(d). that Defendants are prohibited from enforcing the annual regulatory fee statute against IPI, or mandating Defendants exempt IPI from the annual regulatory fee, given the terms of the CLA and applicable federal and Commonwealth constitutional laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff IPI prays for judgment against Defendants, as follows:

1. For the Court to issue a declaration stating that IPI is exempt or excepted from, or not subject to the terms of the Regulatory Fee because of the express terms of the CLA entered into by IPI and CNMI prior to the enactment of the annual regulatory fees statute;

2. For the Court to issue an injunction against Defendants preventing the enforcement of the Regulatory Fee Statute and collection of the annual regulatory fee against IPI, or mandating that Defendants exempt or except IPI from the annual regulatory fee, given the express terms of the CLA entered into by IPI and CNMI prior to the enactment of the annual regulatory fee statute;

3. For the Court to issue a declaration stating that the Regulatory Fee Statute, as applied to IPI, is unconstitutional;

4. For the Court to order Defendants to pay restitution of all regulatory fees paid by IPI in the past;

5. For the Court to order Defendants to vacate, nullify any and all adverse administrative decisions against IPI that were based upon the annual Regulatory Fee Statute, including the imposition of fees, interests and penalties for failure to pay the annual regulatory fees; as well as the suspension of its license based upon the annual regulatory fee statute. Including but not limited to Commission Order 2021-002 and the recent demand for immediate payment of regulatory fees;

6. For all costs of suit incurred herein;

7. For reasonable attorney's fees incurred herein;

8. For such other and further relief as the Court may deem just and proper.

Dated: February 22, 2024
Saipan, CNMI

Respectfully submitted,

By: /s/ Stephen Nutting

Stephen Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
By: /s/ Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice Pending*

Attorneys for Plaintiff
IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC