Brendan Layde (F0530)
Legal Counsel
Office of the Governor
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 789-5406
Email: brendan.layde@gov.mp

*Attorney for Defendant Arnold Palacios in his Official Capacity*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC,<br><br>Plaintiff,<br><br>v.<br><br>Commonwealth of the Northern Mariana Islands;<br>Arnold Palacios, Governor of CNMI, in his official and personal capacities;<br>Edward Deleon Guerrero, Chairman of CCC, in his official and personal capacities;<br>Rafael S. Demapan, Vice Chairman of CCC, in his official and personal capacities;<br>Mariano Taitano, Commissioner of CCC, in his official and personal capacities;<br>Martin Mendiola, Commissioner of CCC, in his official and personal capacities;<br>Ramon M. Dela Cruz, Commissioner of CCC, in his official and personal capacities;<br>Andrew Yeom, Executive Director of CCC, in his official and personal capacities,<br><br>Defendants. | **CIVIL CASE NO. 1:24-cv-00002**<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO DEFENDANT ARNOLD PALACIOS IN HIS OFFICIAL CAPACITY PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Hearing date:<br><br>Hearing time:<br><br>Judge: Hon. David O. Carter |

## I.   INTRODUCTION

Defendant Arnold Palacios in his official capacity ("Defendant" or "Governor Palacios") hereby submits this Memorandum in Support of Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Complaint filed by plaintiff Imperial Pacific International (CNMI), LLC ("Plaintiff" or "IPI") should be dismissed because Plaintiff fails to state a claim for which relief can be granted for each of its causes of action as to Defendant.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

In 2014, the CNMI entered into the Casino License Agreement ("CLA") with IPI as an exclusive casino licensee. ECF No. 1 at 4. The CLA requires IPI to pay an annual casino license fee of $15 million. *Id*. Subsequent legislation, enacted as Public Law No. 19-24 and codified at 4 CMC § 2309, imposed an additional requirement for IPI to pay a $3 million annual regulatory fee to fund the operational costs of the Commonwealth Casino Commission ("the Commission" or "CCC"). *Id*.

In 2020, Executive Director of CCC Andrew Yeom filed several complaints before the CCC for, *inter alia*, IPI's failure to pay the annual license fee or regulatory fee. *Id*. at 5. The CCC held a hearing on these complaints and suspended IPI's license in Commission Order 2021-002. *Id*. The suspension was affirmed by the CNMI Superior Court and in turn affirmed in part by the CNMI Supreme Court. *Id*.  On or about December 1, 2023, CCC issued a demand for $17,625,000.00 to be paid within 30 days in relation to regulatory fee arrears and penalties as a condition for the license to be reinstated. *Id*.

IPI filed this action, as well as 1:24-cv-00001, with identical parties and related claims, on February 23, 2024. *Id*. at 1; Complaint at 1, *Imperial Pacific International CNMI (LLC) v. Commonwealth of the Northern Mariana Islands et al.*, 1:24-cv-00001 (D. N. Mar. I. Feb. 23, 2024), ECF No. 1.

The CCC scheduled a revocation hearing for IPI's license for February 28, 2024, on grounds including nonpayment of the regulatory fee. Memorandum Decision Denying Plaintiff's Emergency Motion for Temporary Restraining Order at 2–5, *Imperial Pacific International CNMI (LLC) v. Commonwealth of the Northern Mariana Islands et al.*, 1:24-cv-00001 (D. N. Mar. I. Feb. 29, 2024), ECF No. 9 ("Memorandum Decision"). IPI filed an emergency motion for a TRO to prevent the revocation hearing. *Id*.

The first emergency motion for a TRO came before this Court for a hearing on February 27, 2024, and was denied. *Id*. at 2. The Court memorialized its reasoning in a Memorandum Decision issued on February 29, 2024. *Id*. at 19.

A hearing on whether the license should be revoked was held beginning February 28, 2024. Decision and Order Denying Plaintiff's Second Emergency Motion for Temporary Restraining Order at 2, *Imperial Pacific International CNMI (LLC) v. Commonwealth of the Northern Mariana Islands et al.*, 1:24-cv-00001 (D. N. Mar. I. Apr. 5, 2024), ECF No. 36 ("Decision and Order"). CCC scheduled a meeting for deliberation on the hearing arguments for April 2, 2024, later rescheduled for April 9, 2024. *Id*. at 3. Having failed to forestall the revocation hearing arguments, IPI filed a second emergency motion for a TRO to prevent deliberation on those arguments from taking place. *Id*. at 2. Like the first, the second TRO motion was denied by this Court for failing to establish a likelihood of success on the merits. *Id*. at 12.

Defendant Arnold Palacios in his official capacity now seeks to dismiss this action as against him, for the following reasons.[1]

---

[1] On April 19, 2024, IPI filed a petition for bankruptcy under Chapter 11. *In Re: Imperial Pacific International (CNMI), LLC*, 1:24-bk-00002 (Bankr. N. Mar. I. Apr. 19. 2024), ECF No. 1. Defendant has received no notice of an automatic bankruptcy stay on Plaintiff's constitutional claims in this action. *See* 11 U.S.C § 362 (providing for automatic stay of actions for control of property of bankruptcy estate).

3

### III.    LEGAL STANDARD

Failure to state a claim upon which relief can be granted is a defense which may be asserted by motion, and such a motion must be made before a responsive pleading. Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claims and then determine whether those elements could be proven on the facts alleged.  The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans & Assocs*., 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

### IV.    ARGUMENT

Plaintiff alleges four causes of action objecting to the regulatory fee: its First Cause of Action for unconstitutional impairment of contract under the Contracts Clauses of the U.S. and CNMI Constitutions; its Second Cause of Action under 42 U.S.C. § 1983 for violation of the Takings Clause of the U.S. Constitution; its Third Cause of Action under 42 U.S.C. § 1983 for violation of the Due Process Clauses of the U.S. and CNMI Constitutions; and its Fourth Cause of Action for breach of the Casino License Agreement.

IPI fails to state a claim upon which relief can be granted as to Governor Palacios and its Complaint should be dismissed under FRCP 12(b)(6).

**A. The Contracts Clause is not implicated because IPI and Governor Palacios are not in contractual privity and IPI's contractual relationship with CNMI is not substantially impaired by the regulatory fee.**

The Complaint's first cause of action alleges that enactment and implementation of the regulatory fee violated the Contracts Clauses of the U.S. and NMI Constitutions.

"Parties seeking relief under the [federal] Contract Clause must demonstrate 1) that there has been a substantial impairment of a contractual relationship; 2) that the impairment is not justified by a 'significant and legitimate public purpose;' or if so justified, then 3) that the impairment is not based upon reasonable conditions or that the impairment is not of a character appropriate to the public purpose justifying adoption of the legislation." *Paw Paw Wine Distributors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 34 F. Supp. 2d 550, 558 (W.D. Mich. 1987).

The CNMI Supreme Court's analysis of the Contracts Clause of the NMI Constitution "is informed by the interpretation of . . . the federal Contract Clause, compare U.S. CONST. art. 1, § 10, cl. 1 ("No state shall . . . pass any . . . law impairing the Obligation of Contracts . . . ."), with NMI CONST. art. 1, § 1 ("No law shall be made that is . . . a law impairing the obligation of contracts . . . .")." *Taisague v. Inos*, 2014 MP 13 ¶ 14.

IPI does not allege that any contractual relationship exists or has ever existed between it and Governor Palacios, much less has been impaired. Indeed, the *only* factual allegations the Complaint makes regarding Governor Palacios are that: 1) he is a United States citizen; 2) he resides in Saipan, CNMI; 3) as of January 22, 2024 he is the Governor of the CNMI; and 4) he is being sued in his official and individual capacities[2] in this lawsuit. ECF No. 1 at 3.

This Court has in fact already held that Governor Palacios is not in contractual privity with IPI. The Court noted in its Memorandum Decision[3] that "IPI has not demonstrated a

---

2  Plaintiff's claims against Governor Palacios in his personal capacity were dismissed with prejudice by stipulation. ECF No. 21.

3  Though IPI filed its TRO motion in the 1:24-cv-00001 docket, its arguments for that motion, and the court's resolution thereof, included the 4 CMC § 2309 regulatory fee issues raised in this action's Complaint and not in 1:24-cv-00001. *See* Plaintiff's Points and Authorities in Support of Plaintiff's Emergency Motion for Temporary Restraining Order at 15–17, *Imperial Pacific International CNMI (LLC) v. Commonwealth of the Northern Mariana Islands et al.*, 1:24cv-00001 (D. N. Mar. I. Feb. 26, 2024), ECF No. 3; Memorandum Decision at 9. A court may take judicial notice of its own records in closely related litigation. *See, e.g., U. S. Fid. & Guar. Co. v.*

contractual relationship between IPI and the other defendants, other than the CNMI," Memorandum Decision at 9, such that the Court's Contracts Clause analysis "focuses on the only contractual relationship that exists, which is between IPI and the CNMI." *Id*. at 10.

The Court further made a judicial determination that the substantial impairment prong of a Contracts Clause claim was not met, even as to the CNMI, which is in contractual privity with IPI; "[t]he Court does not find that the imposition of the additional $3 million regulatory fee constitutes a substantial impairment . . . ." *Id*. at 9.

Because Plaintiff does not allege contractual privity between itself and Governor Palacios, it does not plead facts that allege a *prima facie* case for any of the elements of a federal or NMI Contracts Clause violation as to him. As there exists no contractual relationship to be impaired, this cause of action does not state a claim upon which relief can be granted.

**B. Governor Palacios cannot be sued under § 1983 in his official capacity for alleged violation of the U.S. Constitution's Takings Clause.**

IPI's second cause of action is brought under 42 U.S.C. § 1983, alleging that enactment and implementation of the regulatory fee violated the Takings Clause of the United States Constitution.

42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [U.S.] Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.

The Ninth Circuit at one time held that the CNMI and its officers could be sued in federal court under § 1983 because it lacks the protection of the Eleventh Amendment, unlike the states. *Fleming v. Dep't of Pub. Safety, Com. of N. Mariana Islands*, 837 F.2d 401, 407 (9th Cir. 1988).

---

*Lawrenson*, 334 F.2d 464, 467 (4th Cir. 1964) (affirming judicial notice taken of factual determinations in related case).

6

But it has subsequently explicitly overturned this holding in *Fleming*[4] on the basis of intervening Supreme Court decisions, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding states not "persons" within the meaning of § 1983), and *Ngiraingas v. Sanchez,* 495 U.S. 182, 192 (1990) (holding Guam not a person within the meaning of § 1983).

*DeNeiva v. Reyes* clearly established that "the CNMI is not a 'person' within the meaning of § 1983, and . . . [n]either the CNMI nor its officers acting in their official capacity can be sued under § 1983." 966 F.2d 480, 482–83 (9th Cir. 1992). The *DeNeiva* court accordingly held that "the district court erred in ruling that it had jurisdiction over [plaintiff's] claims against the CNMI and [the defendant public officer] in his official capacity." *Id*. at 483.

Incidentally, because neither the Commonwealth nor its officials in their official capacities may be sued under 42 U.S.C. § 1983, attorney's fees are unavailable to IPI under 42 U.S.C. § 1988. *See* 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."); *Kentucky v. Graham*, 473 U.S. 159, 168 (1985) ("fee liability runs with merits liability; if federal law does not make the government substantively liable . . . the government similarly is not liable for fees . . . under § 1988."). This is as true for a government officer sued in his official capacity as it is for

---

4  A three-judge panel of the Ninth Circuit has suggested that *Fleming*'s Eleventh Amendment holding should likewise be revisited. *See Norita v. N. Mariana Islands*, 331 F.3d 690, 696 (9th Cir. 2003) ("CNMI might well be entitled to State-like sovereign immunity according to the Supreme Court's understanding of the proposition for which the Eleventh Amendment stands.").

The *Norita* court declined to overturn *Fleming* on the Eleventh Amendment issue on the ground that "[a] three-judge panel . . . cannot reconsider or overrule a decision of a prior panel unless 'an *intervening* Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point.'" *Id*. (citing *United States v. Gay III,* 967 F.2d 322, 327 (9th Cir.1992)).

But the *Norita* court cited just such an intervening Supreme Court decision. *Alden v. Maine,* 527 U.S. 706 (1999) held "that Eleventh Amendment immunity derives not from the Eleventh Amendment but 'from fundamental postulates *implicit* in the constitutional design.'" *Norita*, 331 F.3d at 694 (citing *Alden*, 527 U.S. at 728–29).

The Eleventh Amendment, where applicable, prohibits a federal court from issuing an injunction against a state, or its officers where the state is the real party in interest, compelling them to align their conduct with *state* law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.").

the government itself, because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* at 165–66 (internal citations omitted).

Governor Palacios cannot be sued under § 1983 in his official capacity. Further, the Complaint does not allege that Governor Palacios took or refrained from taking any action at all, under color of state law or otherwise. IPI's second cause of action does not state a claim upon which relief can be granted.

### C. Governor Palacios cannot be sued under § 1983 in his official capacity for alleged violations of the U.S. and NMI Constitutions' Due Process Clauses.

IPI's third cause of action purports to be brought under 42 U.S.C. § 1983 for an alleged violation of the Due Process Clauses of the United States and NMI Constitutions by the enactment and implementation of the regulatory fee.

As noted *supra*, the Governor in his official capacity cannot be sued under § 1983. Further, as to the alleged violation of the NMI Constitution, § 1983 exists to provide a remedy in federal court for violations of *federal* civil rights by *state* officials acting under color of *state* law. It is not a vehicle for federal courts to vindicate rights created by state law. *See, e.g.*, *Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n*, 739 F.2d 1467, 1472 (9th Cir. 1984) (noting that in *Pennhurst*, "the Supreme Court held that section 1983 was not available to a plaintiff seeking to vindicate rights created by state law.").

This Court has also noted that IPI's due process arguments in relation to the regulatory fee are likely barred by the effect of res judicata under CNMI law. Decision and Order at 9–10.

This cause of action does not state a claim upon which relief can be granted as against Governor Palacios in his official capacity.

### D. Governor Palacios is not in contractual privity with IPI and breach of contract claims are barred by sovereign immunity.

IPI's fourth cause of action is a breach of contract claim under CNMI law, which alleges that defendants breached the CLA by enacting and seeking to enforce the regulatory fee statute.

Again, this Court has already determined that Governor Palacios is not in contractual

privity with IPI and that "the only contractual relationship that exists . . . is between IPI and the CNMI." Memorandum Decision at 9.

Plaintiff attached as an exhibit Public Law No. 19-24, which enacted the regulatory fee codified at 4 CMC § 2309. ECF no. 1-1. That law was signed by then-Acting Governor Ralph Deleon Guerrero Torres. *Id*. at 3. IPI's Complaint does not allege any conduct by Governor Palacios in relation to the enactment, implementation, or enforcement of 4 CMC § 2309.

IPI alleges that CCC's issuance of Commission Order 2021-002 and demand for payment of regulatory fees constitute breach and unilateral modification of the CLA. ECF No. 1 at 10. But these are allegations regarding the conduct of *CCC*, not Governor Palacios, who lacks the power to direct or manage CCC as a constitutionally independent regulatory commission. *See* NMI CONST. art. III, § 21 ("where the governor appoints[5] a board or commission to perform a regulatory or administrative function . . . the members of such a board or commission *shall be independent* and may be removed only on grounds of gross neglect or dereliction of duty, breach of fiduciary duty, conviction of a felony, or mental or physical incapacity.") (emphasis added). IPI's breach of contract allegations relate solely to conduct on the part of the CCC, which Governor Palacios is constitutionally without power to direct.

Further, state law breach of contract claims in federal court are barred against the Commonwealth because "the Commonwealth enjoys sovereign immunity with respect to claims arising under its own laws." *Ramsey v. Muna*, 849 F.3d 858, 860 (9th Cir. 2017). Such claims are equally barred against the Commonwealth's officers acting in an official capacity because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

IPI does not allege that Governor Palacios is a party to the CLA or otherwise in contractual privity with IPI, nor does it allege any acts or omissions by Governor Palacios that might constitute breach of contract. In any event, any such claim would be barred by sovereign

---

[5] None of the current Commissioners was appointed by Governor Palacios. ECF No. 1 at 5 (alleging actions taken by all current Commissioners prior to the inauguration of Governor Palacios).

9

immunity.

### V.     CONCLUSION

None of Plaintiff's causes of action states a claim upon which relief can be granted as to Governor Palacios in his official capacity. All claims against Defendant should therefore be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

Dated: April 25, 2024

Respectfully submitted,

OFFICE OF THE GOVERNOR

_____/s/_____
Brendan Layde
Legal Counsel
Attorney for Defendant Arnold Palacios in his Official Capacity