Edward Manibusan (F0131)
Attorney General
Alison Nelson (T0160)
Assistant Attorney General
Office of the Attorney General
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 237-7500
Fax: (670) 664-2349
Email: alison_nelson@cnmioag.org

*Attorney for Defendant Andrew Yeom*
*in his official and personal capacities*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC<br><br>**Plaintiff,**<br><br>v.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS; ARNOLD PALACIOS, Governor of CNMI, in his official and personal capacities; EDWARD C. DELEON GUERRERO, Chairman of CCC, in his official and personal capacities; RAFAEL S. DEMAPAN, Vice Chairman of CCC, in his official and personal capacities; MARIANO TAITANO, Commissioner of CCC, in his official and personal capacities; MARTIN MENDIOLA, Commissioner of CCC, in his official and personal capacities; RAMON M. DELA CRUZ, Commissioner of CCC, in his official and personal capacities; and ANDREW YEOM, Executive Director of CCC, in his official and personal capacities.<br><br>**Defendant.** | CIVIL CASE NO. 1:24-cv-00002<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT ANDREW YEOM'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

Defendant Andrew Yeom, Executive Director of the Commonwealth Casino Commission, in his official and personal capacities, by and through undersigned counsel, hereby submits this legal memorandum of points and authorities in support of his motion to dismiss Plaintiff's Complaint as to Defendant Yeom pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6).

As explained further below, the Complaint should be dismissed as to Defendant Yeom for five reasons: (1) IPI fails to state a claim for which relief can be granted because it has failed to plead facts sufficient to support any cause of action against Defendant Yeom; (2) IPI fails to state a claim for which relief can be granted because Defendant Yeom is entitled to qualified immunity for suits in his personal capacity; (3) IPI fails to state a claim for which relief can be granted because official capacity defendants cannot be sued for monetary damages under § 1983: (4) IPI fails to state a claim for which relief can be granted because its claims are barred by the doctrine of res judicata; and (5) this Court lacks subject matter jurisdiction over IPI's state law claims against Defendant Yeom in his official capacity because such claims are effectively suits against the Commonwealth and barred by the doctrine of sovereign immunity.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

IPI filed its Complaint in this action on February 23, 2024. (ECF 01.). Its Complaint alleges four causes of action against the various defendants, each asserting a different legal theory for why the assessment or enforcement of the Casino Regulatory Fee is unconstitutional or constitutes a breach of IPI's contract rights. On that same date, IPI filed a Complaint in Case No. 24-cv-00001, also alleging four causes of action against a similar set of defendants, each of which asserts a different legal theory for why the Commonwealth Casino Commission's exercise of enforcement authority is unlawful. *See Imperial Pacific Int'l (CNMI), LLC v. Commonwealth*, Case No. 24-cv-00001, Complaint (ECF 01). Both cases arise after years of administrative and legal actions between the parties culminating in an action before the Commission seeking revocation of IPI's Casino License Agreement ("CLA"). This Court has previously summarized the relevant procedural facts in its orders denying IPI's motions for temporary restraining orders in Case No. 24-cv-00001. *See id.*, Memorandum Decision Denying Plaintiff's Emergency Motion for Temporary Restraining Order (ECF 9) (D. N. Mar. I. Feb. 29, 2024). However, to the extent that additional context is needed for the Court's consideration of this motion, Defendant Yeom incorporates the facts stated in the motions filed by the remaining Defendants in this action. (ECF 22-1 at 2-3 & ECF 23-1 at 4-6.)

## II.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for "lack of subject matter jurisdiction." FED. R. CIV. P. 12 (b)(1). Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (citation omitted).

### B.   Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing FED. R. CIV. P. 8(a)(2)).  In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claims and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

A claim barred by res judicata requires dismissal under Rule 12(b)(6). *Pangelinan v. Wiseman*, Civ. No. 08-0004, 2008 WL 11389559 at *7 (D. N. Mar. I. May 8, 2008).

Ordinarily, affirmative defenses may not be raised by motion to dismiss, but dismissal of an action on the basis of res judicata under Rule 12(b)(6) is appropriate when "the defense raises no disputed issues of fact." *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).[1] Similarly, when a defendant presents a qualified immunity defense in a Rule 12(b)(6) motion, dismissal is appropriate if the court can determine, "based on the complaint itself, that qualified immunity applies." *See Groten v. California,* 251 F.3d 844, 851 (9th Cir. 2001).

### III.  ARGUMENT

**A.  IPI's Claims Against Defendant Yeom Must be Dismissed Under Rule 12(b)(6) Because IPI Failed to State A Claim Upon Which Relief Can Be Granted**

IPI's Complaint fails to state a claim against Defendant Yeom upon which relief can be granted because IPI fails to plead facts that demonstrate any violations or breaches by Defendant Yeom; Defendant Yeom is entitled to qualified immunity for claims against him in his personal capacity; Defendant Yeom cannot be sued in his official capacity under § 1983; and IPI's claims are barred by the doctrine of res judicata.

#### 1.  IPI Failed to Plead Facts to Support an Action Against Defendant Yeom

IPI's Complaint fails to allege sufficient facts to support an action against Defendant Yeom with respect to any of the asserted causes of action. The Complaint alleges very few facts naming Defendant Yeom personally; rather, the relevant facts are either pleaded against all Defendants, or not attributed to any particular Defendant. For example, with respect to the First Cause of Action (Unconstitutional Impairment of CLA, in Violation of the Contracts Clause of the United States and CNMI Constitution), IPI alleges "the later imposed regulatory fees, Commission Order 2021-002, and the most recent demand for immediate payment by Defendants" as the violative acts. (ECF 01 at ¶ 36.) The remaining causes of action are premised on similar acts. (ECF 01 at ¶¶ 40, 47 & 52.) However, these allegations do not implicate Defendant Yeom:  IPI does not (and cannot) allege that he did imposed the fees,

---

[1] There is also Ninth Circuit authority establishing that claim preclusion defenses such as res judicata may be considered by way of a Rule 12(b)(1) motion to dismiss. *See Gupta v. Thai Airways Int'l, Ltd*., 487 F.3d 759, 763 & 765 (9th Cir. 2007). To the extent that this Court views Rule 12(b)(1) as the proper basis for a motion to dismiss claims barred by res judicata, Defendant Yeom moves for dismissal on this basis in the alternative.

4

issued Commission Order 2021-002, or issued the demand letter for payment. IPI has therefore failed to meet its burden to establish the elements of each cause of action with respect to Defendant Yeom.

### 2. IPI Fails to State a Claim For Which Relief Can Be Granted Because Defendant Yeom is Entitled to Qualified Immunity

The doctrine of qualified immunity protects government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). A right is clearly established for purposes of qualified immunity only where "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Dunn v. Castro*, 621 F. 3d 1196, 1200 (9th Cir. 2010). Qualified immunity protects all "but the plainly incompetent or those who knowingly violate the law." *Burns v. Reed*, 500 U.S. 478, 495 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). It is the plaintiff's burden to plead facts that would demonstrate that a defendant violated a clearly established right. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). A case directly on point is not required, but "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

IPI's allegations fail to demonstrate that every reasonable official in Defendant Yeom's position would have understood that seeking to collect regulatory fees imposed by statute through issuance of Commission orders and demands for immediate payment of such fees was a violation of IPI's contract and due process rights. In addition, there is no existing precedent placing the constitutionality of such actions beyond debate. Thus, even if this Court were to find that Defendant Yeom's actions infringed on IPI's rights, Defendant Yeom is entitled to qualified immunity and he cannot be subject to suit in his individual capacity.

3. <u>IPI's Official Capacity Claims for the Second & Third Causes of Action Fail to State a Claim For Which Relief Can Be Granted Because Official Capacity Defendants Cannot be Sued Under § 1983</u>

IPI's Second Cause of Action for violation of the takings clause of the U.S. Constitution and its Third Cause of Action for violation of the due process clauses of the U.S. and NMI Constitutions are brought under 42 U.S.C. § 1983. That statute provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [U.S.] Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. However, "the CNMI is not a 'person' within the meaning of § 1983, and ... [n]either the CNMI nor its officers acting in their official capacity can be sued under § 1983." *DeNieva v. Reyes*, 966 F.2d 480, 482–83 (9th Cir. 1992) (citations omitted); *see also Camacho v. CNMI Dep't of Corrections*, Case No. 18-cv-00008, 2019 WL 392376 at *4 (D. N. Mar. I. Jan. 31, 2019). To the extent the Complaint seeks money damages from Defendant Yeom in his official capacity,[2] the cause of action is one for money damages and is not permitted. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1235 (9th Cir. 2015) (citing *Ngiraingas v. Sanchez*, 495 U.S. 182, 184 (1990)). However, " 'the rule is entirely different' with regard to prospective relief," and lawsuits for injunctions or declaratory judgments under § 1983 may proceed against official capacity defendants. *Id.* at 1236.

4. <u>IPI Fails to State a Claim For Which Relief Can Be Granted Because its Claims Are Barred by the Doctrine of Res Judicata</u>

The Commonwealth has briefed the res judicata issue in its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure

---

[2] The Complaint seeks an order from the Court to order Defendants to pay restitution of all regulatory fees paid by IPI in the past. (ECF 01 at 11 ¶ 4.) The U.S. Supreme Court has declined to award a plaintiff "equitable restitution," reasoning that such a retroactive award of monetary relief "is in practical effect indistinguishable in many aspects from an award of damages against the State. It will to a virtual certainty be paid from state funds, and not from the pockets of the individual state officers who were the defendants in the action. It is measured in terms of a monetary loss resulting from a past breach of a duty on the part of the defendant state officials." *Edelman v. Jordan*, 415 U.S. 651, 668 (1974).

12(b)(1) and 12(b)(6). (ECF 23-1 at 9-14.) Defendant Yeom joins in the Commonwealth's arguments that the Plaintiff's claims are barred by the doctrine of res judicata.

### B. IPI's Claims Against Defendant Yeom in his Official Capacity Must be Dismissed Under Rule 12(b)(1) Because This Court Lacks Subject Matter Jurisdiction

All of IPI's claims are pleaded against all defendants. As such, each cause of action states a claim against Defendant Yeom in both his official and personal capacities. The U.S. Supreme Court has explained the difference between such suits as follows:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *See, e.g.*, *Scheuer v. Rhodes*, 416 U.S. 232, 237-238, 94 S. Ct. 1683, 1686-1687, 40 L.Ed.2d 90 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55, 98 S. Ct. 2018, 2035, n.55, 56 L.Ed.2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon*, *supra*, 469 U.S. at 471-472, 105 S.Ct., at 878. It is *not* a suit against the official personally, for the real party in interest is the entity.

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). This Court has similarly recognized that "claims against all official capacity Defendants are treated as claims against the Commonwealth itself." *Norita v. Commonwealth of the N. Mariana Islands Dep't of Pub. Safety*, Case No. 18-cv-00022, 2019 WL 150875 at *6 (D. N. Mar. I. Jan. 10, 2019). Moreover, in *Norita*, the Court further recognized that "[t]hese [official capacity] Defendants may assert sovereign immunity against claims arising from CNMI law, including the CNMI Constitution." *Id.*

The Commonwealth has briefed the sovereign immunity issue in its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF 23-1 at 14-16.) Defendant Yeom joins in the Commonwealth's arguments that the Commonwealth enjoys sovereign immunity in federal court from actions brought under its own laws, including the First Cause of Action for unconstitutional impairment of contracts under the NMI Constitution, the Third Cause of Action for due process

violations of the NMI Constitution, and the Fourth Cause of Action for breach of the CLA under Commonwealth law.

### IV. CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice against Defendant Yeom in his official and personal capacities.

Dated: April 25, 2024

OFFICE OF THE ATTORNEY GENERAL

/s/
Alison M. Nelson (T0160)
Assistant Attorney General

*Attorney for Defendant Andrew Yeom in his official and personal capacities*