OFFICE OF THE ATTORNEY GENERAL
EDWARD MANIBUSAN
Attorney General
Carl F. Dela Cruz (F0525)
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950
Telephone: 670-237-7500
Email: carl_delacruz@cnmioag.org
*Attorneys for Defendants Edward C. Deleon Guerrero, Rafael S. Demapan, Mariano Taitano, Martin Mendiola, Ramon Dela Cruz*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| IMPERIAL PACIFIC INTERNATIONAL (CNMI) LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et. al.,<br><br>        Defendants. | CIVIL CASE NO. 24-00002<br><br>**DEFENDANTS EDWARD C. DELEON GUERRERO, RAFAEL S. DEMAPAN, MARIANO TAITANO, MARTIN MENDIOLA, AND RAMON M. DELA CRUZ's MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |

Defendants Edward C. Deleon Guerrero, Rafael S. Demapan, Mariano Taitano, Martin Mendiola, and Ramon M. Dela Cruz, in their official and personal capacities, collectively referred to herein as "Defendants," respectfully submit this memorandum in support of their motion to dismiss the above-captioned case pursuant to Federal Rule of Civil Procedure 12(b)(6).

**FACTUAL BACKGROUND**

Plaintiff Imperial Pacific International (CNMI) LLC ("IPI") is required to pay an Annual Regulatory Fee to the Commonwealth Casino Commission ("CCC") pursuant to Commonwealth of the Northern Mariana (CNMI) Law (4 CMC § 2309(a)). ECF No. 1 at 4. Defendants "issued

1

Commission Order 2021-002," suspending IPI's casino license for "nonpayment" of the Annual Regulatory Fee. *Id*. at 5. IPI appealed the Order the CNMI Superior Court. *Id*. Upon issuance of the Superior Court's decision, IPI appealed to the CNMI Supreme Court. *See Id*.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required under the rule, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is insufficient for a pleading to offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). 550 U.S., at 555, 127 S.Ct. 1955. The same goes for "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.

A complaint must state a "plausible claim for relief" to "survive[] a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *See also Id*. ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

*"*The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of res judicata is appropriate when "the defense raises no disputed issues of fact." *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). ("The defendants raised *res judicata* in their motion to dismiss under Rule 12(b)(6), rather than in a responsive pleading. Ordinarily affirmative defenses may not be raised by motion to dismiss…but this is not true when, as here, the defense raises no disputed issues of fact.").

A plaintiff's conclusions "are not entitled to deference" where they are "undermined" by "external, albeit integral or incorporated, sources. *Murillo v. Taylor*, No. 14CV876-WQH WVG, 2015 WL 4488060, at *14 (S.D. Cal. July 22, 2015).

**ARGUMENT**

**1. Res Judicata Precludes This Action**

Federal courts generally follow the doctrine of res judicata. *Allen v. McCurry*, 449 U.S. 90, 94–96 (1980). Under the doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414, 66 L. Ed. 2d 308 (1980) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876). Res judicata precludes "litigation of all grounds for,

or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citing *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940)).

Res judicata applies when "there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties*.*" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713–14 (9th Cir. 2001). The term "privities" is broadly construed—provided that where "new parties represent the same interests," there is privity between the parties. *See Murillo v. Taylor*, No. 14CV876-WQH WVG, 2015 WL 4488060, at *18 (S.D. Cal. July 22, 2015). There is an identity of claims where the claims "arise from the same transaction" or where the claims "involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595, 206 L. Ed. 2d 893 (2020)/

Res judicata is applicable to suits under § 1983. *Migra v. Warren City Sch. Dist. Bd. of Educ*, 465 U.S. 75, 84 (1984). *E.g.*, *Allen v. McCurry*, 449 U.S. 90, 95, 101 S. Ct. 411, 415, 66 L. Ed. 2d 308 (1980) ("The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts."); *Scoggin v. Schrunk*, 522 F.2d 436, 437 (9th Cir. 1975) (Holding that Res Judicata bars the litigation of "federal constitution" claims based on an asserted causes of action that were the "subject of a state action, and where the parties are the same,"—irrespective of whether the causes of action were "asserted in state court or not"—"for the reason that the state judgment on the merits serves not only to bar every claim that was raised in support of the granting of the desired relief."

Res Judicata preserves the "finality of orders and judgments" where the parties "have had a full and fair opportunity to litigate their claims." *Friends of Gualala River v. Gualala Redwood*

*Timber, LLC*, 552 F. Supp. 3d 924, 933 (N.D. Cal. 2021). Courts have reasoned that such parties "should not be" allowed to "undermine the finality of judicial proceedings by raising" challenges in a subsequent proceeding "arising from the same material facts" that existed "at the time of prior judgment or order." *Id.*

Federal courts look to the res judicata rules of the state from which the original judgment was rendered to determine whether the claim is "entitled to the same preclusive effect in a subsequent federal § 1983 suit" in the state court. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83 (1984). The CNMI Supreme Court described the res judicata rule:

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound *"not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac*, 94 U.S. 351, 352 [24 L.Ed 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

ECF No. 36 at 9 (citing *Santos v. Santos*, No. 90-041, 1992 WL 135876, at *48-49 (N. Mar. I. Mar. 25, 1992) (emphasis added) (citing *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948)).

Here, the First Cause of Action asserts Defendants impaired IPI's contract in violation of the Contracts Clause of the U.S. and CNMI Constitutions by issuing Commission Order 2021-002 and demanding payment of the Annual Regulatory Fee. ECF No. 1 at 7. The Second Cause of Action asserts Defendants violated the Taking Clause of the U.S. Constitution by Defendants' "enactment and implementation of the regulatory fee statute" and the "issuance of Commission Order 2021-002." ECF No. 1 at 8. The Third Cause of Action asserts Defendants violated IPI's due process rights under the U.S. and CNMI Constitutions by issuing Commission Order 2021-002 and "implementing the annual regulatory fee statute." ECF No. 1 at 8-9. The Fourth Cause

of Action, for breach of contract, asserts Defendants breached the Casino License Agreement by "the issuance of Commission Order 2021-002." ECF No. 1 at 10.

Each of the asserted causes of action arise from the same transaction—Commission Order 2021-002. The Order suspended IPI's exclusive casino license for nonpayment of the regulatory fees. ECF No. 1 at 5. IPI appealed the Commission Order 2021-002 to the CNMI Superior Court. *Id*. IPI appealed the Superior Court's decision to the CNMI Supreme Court. *See Id*. The Court issued a judgment on the merits. *See* ECF No. 1 at 5 (Stating the CNMI Supreme Court issued an opinion on the appeal involving Commission Order 2021-002). Defendant CCC Commissioners "Guerrero, Demapan, Taitano, Mendiola, and Cruz" issued the Commission Order 2021-002. *Id*. The parties involved in the state-court proceedings are therefore identical to Defendants. Further, IPI fails to allege nor is there any reason to believe that IPI did not have a "full and fair opportunity to litigate" the claims under the asserted causes of action in the prior state-court proceedings. Instead, the factual allegations mentioned above and in the complaint show that IPI had its day in court and effectively wishes to "undermine the finality" of the judgment in the state-court proceedings. Under the alleged facts, Defendants are "entitled" to the "preclusive effect" of res judicata.

**2. The above-captioned suit is duplicative of Civil Case No. 1:24-00001 filed in this court in violation of Federal Rule of Civil Procedure 3**

Generally, a plaintiff is allowed to file only one action "involving the same subject matter." *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."); *See also* Fed. R. Civ. P. 3("A civil action is commenced by filing a complaint with

the court."). Two actions are "sufficiently duplicative" where the "causes of action and relief sought, as well as the parties or privies to the action, are the same." *Murillo v. Taylor*, No. 14CV876-WQH WVG, 2015 WL 4488060, at *16 (S.D. Cal. July 22, 2015).

To determine whether two suits "involve the same causes of action," the district courts apply the Restatement of Judgments' "same-transaction test." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 887 (9th Cir.), cert. denied, 143 S. Ct. 425, 214 L. Ed. 2d 234 (2022). The following factors are considered under the test:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
> (2) whether substantially the same evidence is presented in the two actions;
> (3) whether the two suits involve infringement of the same right; and
> (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id*. Whether the suits "arise out of the same transactional nucleus of facts" is the "most important factor." *Id*. Where the plaintiff files a "duplicative action," the court may dismiss the "duplicative later-filed action, stay the action until the prior suit is resolved, "enjoin the parties from proceeding with it," or "consolidate" the actions. *Adams*. 487 F.3d 684, 688 (9th Cir. 2007).

IPI filed a separate action with this court, Civil Case No. 1:24-00001, asserting the following causes of action against Defendants (1) "Unconstitutional Impairment" of the Contracts Clauses of the U.S. and CNMI Constitutions, (2) violation of the Due Process Clauses of the U.S. and CNMI Constitutions under 42 U.S.C § 1983, (3) violation of Article IV of the CNMI Constitution, and (4) breach of Casino License Agreement. Civil Case No. 1:24-00001; ECF No. 1 at 9-12. Each of the causes of action challenge Commission Order No. 2021-002. Civil Case No. 1:24-00001; ECF No. 1 at 9-14.

Like the separate action (Civil Case No. 1:24-00001), this above-captioned case asserts causes of action against Defendants for violation of the Contracts Clause of the U.S. and CNMI

Constitutions, violation of the Due Process Clauses of the U.S. and CNMI Constitutions, and breach of the Casino License Agreement. ECF No. 1 at 6-10.  Further, the causes of action are asserted to challenge Commission Order No. 2021-002.  ECF No. 1 at 6-10.  The two actions therefore "arise out of the same transactional nucleus of facts."  The most important factor of the test thus favors a determination that the two actions "involve the same causes of action."

As to the third factor, the actions "involve infringement of the same right" because they share nearly each of the asserted causes of action, as shown above.  As to the second factor, "substantially the same evidence is presented in the two actions" because each of the asserted causes of action rely on Commission Order No. 2021-002.  As to the first factor, "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action"—the factor favors a determination that the suits involve the same causes of action because both suits involve the same defendants such that "continued litigation" of the second suit could impair "rights or interests that might be established" in a "judgment in the first" suit. *See Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 887 (9th Cir.), cert. denied, 143 S. Ct. 425, 214 L. Ed. 2d 234 (2022). Thus, the two actions are "sufficiently duplicative" and so this above captioned suit—the "duplicative later-filed action"—should be dismissed.

## CONCLUSION

For the foregoing reasons, the court should dismiss this suit pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

                          OFFICE OF THE ATTORNEY GENERAL
                          EDWARD MANIBUSAN
                          Attorney General

Date:   April 26, 2024                     */s/ Carl Dela Cruz*

                        Carl F. Dela Cruz (F0525)
                        Assistant Attorney General
                        Attorney for Defendants
                        Edward C. Deleon Guerrero;
                        Rafael S. Demapan;
                        Mariano Taitano;
                        Martin Mendiola; and
                        Ramon M. Dela Cruz