OFFICE OF THE ATTORNEY GENERAL
EDWARD MANIBUSAN
Attorney General
J. Robert Glass, Jr. (F0523)
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950
Telephone: 670-237-7500
Email: robby_glass@cnmioag.org
Attorney for Defendant Commonwealth of the
Northern Mariana Islands

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| IMPERIAL PACIFIC INTERNATIONAL (CNMI) LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, ARNOLD PALACIOS, GOVERNOR OF CNMI, in his official and personal capacities, et. al.,<br><br>　　　　Defendants. | CIVIL CASE NO. 1:24-CV-0002<br><br>**DEFENDANT COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and (6)** |

Defendant Commonwealth of the Northern Mariana Islands, respectfully submits this memorandum in support of Defendant's motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

//

//

# TABLE OF CONTENTS

I.   BACKGROUND ........................................................................................................................ 4

II.  FACTS .................................................................................................................................... 5

III. LEGAL STANDARD ............................................................................................................... 5

IV. ARGUMENT ........................................................................................................................... 5

   1.   **RES JUDICATA BARS PLAINTIFF'S SUIT.** ............................................................................ 5

      *a.   There is an identity of claims.* ................................................................................. 9
      *b.   There has been a final judgment on the merits.* ................................................... 10
      *c.   There is identity or privity between the parties.* ................................................... 11

   2.   **COLLATERAL ESTOPPEL BARS THIS SUIT.** ....................................................................... 12

   3.   **THE COMMONWEALTH ENJOYS SOVEREIGN IMMUNITY FROM SUITS IN FEDERAL COURT.** ... 13

V.  CONCLUSION ........................................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Alden v. Maine*,
  527 U.S. 706 (1999) ............................................................................................................ 14

*Allen v. McCurry*,
  449 U.S. 90 (1980) .............................................................................................................. 12

*Ashe v. Swenson*,
  397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) ......................................................... 12

*Brown v. Felsen*,
  442 U.S. 127 (1979) .............................................................................................................. 6

*Camacho v. CNMI DOC*,
  2019 WL 392376 (D. N. Mar. Is. January 31, 2019) .......................................................... 15

*Chao v. A–One Med. Servs., Inc.*,
  346 F.3d 908 (9th Cir. 2003) ................................................................................................. 6

*Commonwealth Casino Comm'n v. Imperial Pac. Int'l*,
  2023 MP 8 .................................................................................................................... passim

*Constantini v. Trans World Airlines*,
  681 F.2d 1199 (9th Cir. 1982) ............................................................................................... 9

*Fleming v. Department of Public Safety*,
  837 F.2d 401 (9th Cir. 1988) ............................................................................................... 14

*In re Schimmels*,
  127 F.3d 875 (9th Cir. 1997) ............................................................................................... 11

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*,
  140 S. Ct. 1589, 206 L. Ed. 2d 893 (2020) ........................................................................... 6

*Manila v. CNMI Department of Corrections*,
   2019 WL 324424 (D. N. Mar. Is. January 24, 2019) .............................................................. 14
*Marrese v. Am. Acad. Of Orthopaedic Surgeons*,
   470 U.S. 373 (1985) ................................................................................................................ 6
*Migra v. Warren City Sch. Dist. Bd. of Educ*,
   465 U.S. 75 (1984) ............................................................................................................ 6, 12
*Mpoyo v. Litton Electro-Optical Sys.*,
   430 F.3d 985 (9th Cir. 2005) .................................................................................................. 6
*Norita v. Commonwealth of the Northern Mariana Islands Department of Public Safety*,
   No. 18-CV-00022, 2019 WL 150875 (D. N. Mar. I. Jan. 10, 2019) ...................................... 11
*Owens v. Kaiser Found. Health Plan, Inc.*,
   244 F.3d 708 (9th Cir. 2001) .................................................................................................. 6
*Pistor v. Garcia*,
   791 F.3d 1104 (9th Cir. 2015) ................................................................................................ 5
*Piteg v. Piteg*,
   2000 MP 3 ............................................................................................................................... 6
*Ramsey v. Muna*,
   849 F.3d 858 (9th Cir. 2017) .......................................................................................... 13, 14
*Santos v. Santos*,
   4 NMI 206 (1994) ................................................................................................................... 6
*Scott v. Kuhlmann*,
   746 F.2d 1377 (9th Cir. 1984) ................................................................................................ 5
*Syverson v. International Business Machines Corp.*,
   472 F.3d 1072 (9th Cir. 2007) ......................................................................................... 10, 11
*United States ex. rel. Barajas v. Northrop Corp.*,
   147 F.3d 905 (9th Cir. 1988) ................................................................................................ 10
*United States v. Romeo*,
   114 F.3d 141 (9th Cir. 1997) ................................................................................................ 12
*Western Radio Servs. Co. v. Glickman*,
   123 F.3d 1189 (9th Cir. 1997) ................................................................................................ 6

**Statutes**

42 U.S.C. § 1983 ................................................................................................................ 12, 14, 16

**Rules**

Federal Rule of Civil Procedure 8(a) ............................................................................................ 8
Federal Rule of Civil Procedure 8(a)(2) ....................................................................................... 6
Federal Rule of Civil Procedure 12(b)(1) ..................................................................................... 7
Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 7, 16

**I.     Background**

1. <u>The 2020 Enforcement Actions</u>

   i. In 2020, the CCC initiated five enforcement actions against Plaintiff. One of those actions, Enforcement Action 2020-005, alleged that Plaintiff violated 4 CMC § 2309 and § 175-10.1-1225 by failing to pay the Casino Regulatory Fee due by October 1, 2020.

*See* ECF No. 26 at 26-28.  Enforcement Action 2020-005 was consolidated with other claims into Enforcement Action 2020-003.

2. <u>The 2021 Evidentiary Hearings</u>

On March 2, 2021, CCC conducted an evidentiary hearing for Complaints 2020-003, -004, and -005.  IPI did not dispute the violations and did not raise any affirmative defense. *Commonwealth Casino Comm'n v. Imperial Pac. Int'l*, 2023 MP 8 ¶ 8.

3. <u>Commission Order No. 2021-002</u>

On April 22, 2021, the CCC issued Order No: 2021-002.  The Order suspended Plaintiff's gaming license, ordered Plaintiff to pay a total of $18.65 million that it found was due under the Annual License Fee and Casino Regulatory Fee, and imposed a total of $6.6 million in penalties against Plaintiff.  The Chairman is a signatory as to Enforcement Action 2020-003 (consolidated).

4. <u>The NMI Court Proceedings</u>

On November 5, 2021, Plaintiff appealed the Commission Order No. 2021-002 to the Commonwealth of the Northern Mariana Islands Superior Court. The Superior Court affirmed the Order, finding no due process violation and holding that it was not arbitrary or capricious. On April 11, 2022, Plaintiff appealed the Superior Court's order to the NMI Supreme Court.

On September 25, 2022, the NMI Supreme Court affirmed the trial court's ruling in part and reversed in part and asked CCC to decide on a "reasonable deadline" for IPI to pay the annual license fees for 2020 and the following years. *CCC v. IPI*, 2023 MP 8 ¶¶ 56-62. There was no remand for Complaint -005 to decide the time for payment of the Casino Regulatory Fee.

Notably, the NMI Supreme Court found that IPI did not raise the defense of *force majeure* for Complaint 005 and that IPI had conceded the violation. The Court further found that IPI's

change in tactics on appeal was barred by numerous procedural rules and hurdles such as failure to raise the issue before the agency and judicial estoppel. *Id*.

    5.    <u>Recent Developments</u>

The CCC conducted a revocation hearing, and Plaintiff filed its Complaint in this action alleging various deficiencies and allegations. Defendant moved to dismiss the Complaint in this case based on of res judicata, collateral estoppel, and sovereign immunity grounds, among other grounds.

On May 9, 2024, IPI filed its First Amended Complaint, mooting the original Motion to Dismiss.

## II.    Facts

The Commonwealth raises no facts in this motion to dismiss because for purposes of res judicata, a motion to dismiss is only appropriate if the defense raises no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). However, while the Commonwealth raises no disputed facts here, it reserves its right in any future proceedings in this case to contest the issues of fact as raised by Plaintiff.

## III.    Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12 (b)(1). Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (citation omitted).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of res judicata is appropriate when "the defense raises no disputed issues of fact." *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). ("The defendants raised *res judicata* in their motion to dismiss under Rule 12(b)(6), rather than in a responsive pleading. Ordinarily affirmative defenses may not be raised by motion to dismiss…but this is not true when, as here, the defense raises no disputed issues of fact.").

## IV.    Argument

**1. Res Judicata Bars Plaintiff's Suit.**

"Res judicata prevents litigation of all grounds for, or defenses to, recovery <u>that were previously available to the parties, regardless of whether they were asserted or determined in the</u>

5

prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citation omitted) (emphasis added); *see also Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997) ("Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action.") (emphasis added). Res Judicata also applies to §1983 suits. *Migra v. Warren City Sch. Dist. Bd. of Educ*, 465 U.S. 75, 84 (1984). The purpose of res judicata is to "encourage[] reliance on judicial decisions, bar[] vexatious litigation, and free[] the court to resolve other disputes." *Brown*, 442 U.S. at 131.

Res judicata applies when "there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties*." Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713–14 (9th Cir. 2001). There is an identity of claims where the claims "arise from the same transaction" or where the claims "involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595, 206 L. Ed. 2d 893 (2020); *See also Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) ("Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.") (citing *Chao v. A–One Med. Servs., Inc.,* 346 F.3d 908, 921 (9th Cir. 2003).

In applying res judicata, the District Court looks at the res judicata rule of the state where the judgment arises. *See Marrese v. Am. Acad. Of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Under NMI law for res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Santos v. Santos*, 4 NMI 206 (1994) (citation and quotations omitted) (emphasis added). The burden of showing that the opposing party's claim was or should have been asserted in a prior claim rests with the party making the res judicata assertion. *Id.*; *see also Piteg v. Piteg*, 2000 MP 3 ¶ [5,6] (res judicata "not only bar matters which were previously litigated, but also those matters which should have been litigated.") (emphasis added).

IPI and the Commonwealth (through its agency the CCC)[1] have been involved in numerous litigations in both federal and CNMI courts. IPI has filed suit in this Court against the CCC as an agency of the Commonwealth in order to force non-binding arbitration. *See Imperial Pacific International (CNMI), LLC v. Commonwealth Casino Commission as Agency of the Commonwealth of the Northern Mariana Islands*, Civil Case No. 1:22-cv-00007 (D. N. Mar. I. Sept. 26, 2022) (Memorandum Decision Granting Plaintiff's Motion for Preliminary Injunction and Motion to Compel Arbitration). That suit is still pending with respect to the CCC's claim for recovery of expenses secured by a bond, but the order by the District Court to submit to non-binding arbitration was reversed by the Ninth Circuit Court of Appeals and a petition for en banc rehearing banc was also denied. *See Best Sunshine International, LTD (BVI) and Imperial Pacific International (CNMI), LLC v. Commonwealth Casino Commission, as Agency of the Commonwealth of the Northern Mariana Islands*, Appeal No. 22-16630 (Ninth Circuit Court of Appeals August 7, 2023) (Order). IPI then filed a petition for certiorari to the United States Supreme Court who denied certiorari. *See Imperial Pacific International (CNMI), LLC v. Commonwealth Casino Commission, as Agency of the Commonwealth of the Northern Mariana Islands*, No. 23-522 (United States Supreme Court Jan. 8, 2024) (Order Denying petition for writ of certiorari). IPI did not raise any of these claims in any of that litigation, despite the ability and knowledge that they could and should have.

IPI and the Commonwealth (through its agency the CCC) litigated numerous issues regarding the suspension of IPI's exclusive casino gaming license due to IPI's non-payment of the Casino Regulatory Fee. That litigation started before CCC, which held that IPI raised no defense to the Casion Regulatory Fee (Complaint 2020-005). *See Commonwealth Casino Comm'n v. Imperial Pac. Int'l.,* 2023 MP 8 ¶¶ 50-55 and 62.[2] The NMI Superior Court found likewise, and its decision was affirmed by the NMI Supreme Court. *Id*. Despite the NMI cases directly addressing the issue that IPI is attempting to re-litigate in this Court, IPI did not raise its arguments regarding the constitutionality of the Casino Regulatory Fee when it could have. Thus, the doctrine of res judicata applies and IPI's Complaint should be dismissed with prejudice.

---

[1] The CCC is an agency of the Commonwealth and thereby a privy of the Commonwealth. *See* 4 CMC § 2313(a).

[2] These Complaints formed the foundation of the suspension of the exclusive casino license in enforcement action 2021-002. *CCC v. IPI*, 2023 MP 8 ¶ 50.

As an initial matter, all of Plaintiff's causes of action could and should have been raised in the previous litigations. More specifically, as alleged by Plaintiff, the First Cause of Action is for an alleged unconstitutional contract impairment which accrued when the Commonwealth passed the Casino Regulatory Fee in Public Law 19-24 (signed into law on December 4, 2015). IPI could and should have challenged the Casino Regulatory Fee in the initial agency action because the claim was available for litigation. If the Casino Regulatory Fee is truly an impairment of the Casino License Agreement ("CLA") and is unconstitutional, then this issue should have been raised when the license was suspended (especially considering that IPI was paying this same fee from 2015-2019). FAC ¶ 24 (ECF 26).

For the Second Cause of Action for alleged unlawful taking, the action accrued when the regulatory fee was enacted and could have been litigated in the CCC proceeding and through the appeal to the NMI Supreme Court. Plaintiff failed to raise the issue.

Likewise for the Third Cause of Action for alleged due process violations of the "regulatory fees,"[3] the action accrued well before the agency proceedings commenced and should have been litigated at that time. IPI failed to bring these arguments or raise them, instead waiting until after losing the case at every stage to continue to litigate the matter here. Plaintiff attempts to get around this problem by alleging that issuance of Commission Order 2021-002 is what prompted the action to accrue, but suspension of its license was based on the same statutory scheme; the action was available and should have been litigated at the time of the suspension proceeding.

The Fourth Cause of Action as alleged for a breach of the CLA also would have accrued prior to the agency proceeding to suspend the license for the same reasons and should have been litigated then as well.

For all these reasons, IPI should have litigated its claims in the initial District Court case as well since it was seeking injunctive relief and could have raised these same claims then. It failed to do so, and should be precluded by the Court from continued litigation when it chose to not litigate its claims at the two previously available opportunities.

Each of these causes of action meet the elements for application of res judicata in this case.

---

[3] Plaintiff does not specific which fees it is arguing, only labeling them all as "regulatory fees." FAC ¶¶ 63-64.

*a. There is an identity of claims.*

To determine whether the two claims share an identity, the Court examines several criteria:

> (1) Whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; (4) whether the two suits arise out of the same transactional nucleus of facts.

*Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). No one single criteria controls, but the last of the criteria is most important. *Id*.

All four criteria are met in this case. The rights and interests of the prior judgments would be destroyed or impaired by the prosecution of the second action because IPI is literally requesting for this Court to undo the suspension proceedings which were affirmed by the NMI Supreme Court. *See* Complaint Prayer for Relief (ECF 26) (requesting for Court "to vacate, nullify any and all adverse administrative decisions against IPI…including the imposition of fees, interests and penalties for failure to pay the annual regulatory fees…Including but not limited to Commission Order 2021-002 and the recent demand for immediate payment of regulatory fees").[4] IPI intends to undo the rights and interests established by the prior proceedings, which became final when the NMI Supreme Court affirmed the sanctions imposed in Complaints 2020-002 (Annual License Fee), 2020-003 (required payroll), and 2020-005 (regulatory fee) and issued its mandate.

In its First Cause of Action in its Complaint, IPI alleges Unconstitutional Impairment of Contracts regarding CLA (FAC at ¶¶ 40-50). Whether IPI owes the Casino Regulatory Fee was decided by the NMI Supreme Court. *See CCC v. IPI*, 2023 MP 8 ¶ 64 (upholding the sanctions as proper). The Second Cause of Action alleges a 42 U.S.C. § 1983 claim against the CNMI for an alleged unconstitutional taking under the Fifth Amendment of the US Constitution. The Third Cause of Action alleges a 42 U.S.C. § 1983 for a due process violation. The Fourth Cause of Action alleges a breach of the CLA. Each of these issues asserts a defense as to IPI's obligation to pay the Casino Regulatory Fee and could have and should have been raised in the prior

---

[4] IPI also attempts to improperly litigate a claim for judicial review by arguing that agency action as required by the NMI Supreme Court is "arbitrary, capricious, and unreasonable." FAC at ¶ 62.

proceedings, but IPI now seeks another bite at the apple to make arguments it did not make and should have made prior to this suit.

The same evidence and rights are also involved. The relevant evidence relates to whether IPI paid the Casino Regulatory Fee, and there is no dispute that it failed to do so. The adoption of the fee, its assessment, and its constitutionality were all evidence and rights relevant to the prior proceeding that were either presented or could have been presented in that proceeding. The mere fact the issue *could have been raised* is sufficient for res judicata purposes. *See United States ex. rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1988) ("It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought."). The same evidence and rights are now being addressed in this action, and they either were or could/should have been raised in the prior litigation. Thus, the second and third factors favor application of res judicata.

Finally, the fourth, final, and most important factor also favors the Court applying res judicata to the Complaint— the two suits arise out of the same nucleus of facts. Both suits involve IPI's obligation to pay the Casino Regulatory Fees. Again, IPI has admitted it is seeking to overturn the already litigated and finalized decisions in this area in its prayer for relief. FAC at Prayer for Relief at ¶ 5 (ECF 26). The facts involved are the same — IPI failed to pay the Casino Regulatory Fee. FAC at ¶¶ 22 and 24.

The first element of res judicata therefore favors dismissal.

    b.  *There has been a final judgment on the merits.*

The NMI Supreme Court has already ruled in favor of the Commonwealth Casino Commission as to the requirement that IPI pay the Casino Regulatory Fees. *See CCC v. IPI*, 2023 MP 8 ¶ 64 ("Finally, the sanctions CCC imposed against IPI…—suspending its license and imposing fines—were proper."). As the NMI Supreme Court is the highest court in the Commonwealth, its adjudication of the matter on the merits is final. This finalized the litigation for purposes of res judicata. *See Syverson v. International Business Machines Corp.*, 472 F.3d 1072, 1079 (9th Cir. 2007) ("[T]he proper query here is whether the court's decision *on the issue as to which preclusion is sought* is final.") (emphasis in original). The mere fact an appellate

court has remanded parts of a matter back for determination does not leave the door open for all issues to continue to be litigated. *See Id*. ("The Eighth Circuit's decision on the [issue] is thus sufficiently 'final' even though there are to be further proceedings on remand on the merits of [the action]"). To sum it up, "finality in the context of issue preclusion may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Id*. at 1079 (cleaned up).

    *c.  There is identity or privity between the parties.*

Privity is "a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). Further, where a public authority has some supervisory or participatory authority in the action, they are bound by the judgment. *Id*. The Commonwealth and the Commonwealth Casino Commission share identity and privity. The Commonwealth Casino Commission is not "a sue or be sued" entity, and the only proper party to sue in order to sue the CCC is the Commonwealth itself. *See Norita v. Commonwealth of the Northern Mariana Islands Department of Public Safety*, No. 18-CV-00022, 2019 WL 150875 at *7-8 (D. N. Mar. I. Jan. 10, 2019) (finding that to sue a government agency the law of the state where the court is located controls and a lack of a "sue or be sued" clause indicates the legislatures desire to not allow the agency to sue or be sued under Commonwealth law); *see also Manila v. Guerrero*, No.1:18-cv-00003, 2022 WL 4588848 at *2 (D. N. Mar. I. Sept. 29, 2022) ("The Court later determined that the Department of Corrections could not be a party to the suit because legislation granting an express right to be sued is required, and therefore the Commonwealth would be substituted for the Department."). As an agency of the Commonwealth, the CCC shares an identity with the Commonwealth. *See* 4 CMC § 2313(a) ("The Commonwealth Casino Commission is hereby established as an autonomous public agency of the government of the Commonwealth of the Northern Mariana Islands."). Lastly, the Commonwealth is bound by the judgments of the NMI Supreme Court and the NMI District Court's actions upon the CCC.

In its FAC, Plaintiff also includes its parent company "Best Sunshine International, Ltd." FAC at ¶¶ 4-5 (ECF 26). It is the sole member of IPI. *Id*. Thus, it also shares privity with IPI and should be bound by the decisions that were against IPI. *See In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) ("As this court has stated before, the public policies underlying the doctrine

of collateral estoppel as a bar to repetitious litigation, would support a finding of privity between a close corporation and its sole or controlling stockholder.").[5] As such, the parties share identity and privity and meet this factor of res judicata.

The Court should therefore apply res judicata to this case and dismiss it with prejudice.

### 2. Collateral Estoppel Bars This Suit.

Turning to collateral estoppel, under the rule, issues determined "by a valid and final judgment" cannot be re-litigated "between the same parties in any future lawsuit." *United States v. Romeo*, 114 F.3d 141, 143 (9th Cir. 1997)  (citing *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).  Like res judicata, the collateral estoppel rule applies to section 1983 suits. *Allen v. McCurry*, 449 U.S. 90, 104 (1980) ("There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all."); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83 (1984) ("*Allen* [*Allen v. McCurry*, 449 U.S. 90 (1980)]…made clear that issues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered.").

In applying collateral estoppel to state level judgments, the Court applies the law of the state court. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is well settled law that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

In the Commonwealth, for collateral estoppel to apply "[i]t requires the issue in the previous action to be identical to the one raised in the pending action, actually litigated, necessarily decided, and final and on the merits. Further, the party against whom preclusion is sought must be the same as, or in privity with the party to the former proceeding." *Lizama v. ANX Guam, Inc*., 2020 MP 17 ¶ 10 (cleaned up).

Here, Plaintiff is seeking to undo the findings of the agency holding that IPI violated terms of its casino license and the court orders which upheld the findings after a de novo review.

---

[5] Privity is required for both collateral estoppel and for res judicata, thus the fact this arose in a case for collateral estoppel makes no difference.

*See* FAC at Prayer for Relief. The NMI Supreme Court held that IPI was required to pay the annual regulatory fee. *See CCC v. IPI*, 2023 MP 8 ¶ 64. IPI asks this Court to rule it is "exempt or excepted from or not subject to the terms of the Regulatory Fee because of the express terms of the CLA." FAC at Prayer for Relief ¶ 1. This is clearly counter to the litigated findings of the NMI Supreme Court and should be precluded.

      Likewise, in ¶ 2 of the FAC, IPI seeks an injunction from enforcement of the regulatory fee. This too is counter to the NMI Supreme Court's holding which found the sanctions for the regulatory fee complaint which suspended the license and imposed fines was "proper." *CCC v. IPI*, 2023 MP 8 ¶ 64. The regulatory fee was litigated and found to be proper, thus ¶¶ 3-4 of the Prayer for Relief which seeks to have the regulatory fee statute declared unconstitutional and all monies paid back to IPI should be precluded from re-litigation. Indeed, ¶ 4 goes beyond even the litigated time period to request restitution for all past regulatory fees from its inception. Such a demand is completely counter to the findings of the NMI Supreme Court as to the regulatory fee being owed. In ¶ 5 of the Prayer for Relief, IPI requests to undo all of the agency decisions, including the ones which were affirmed by the NMI Superior and NMI Supreme Courts. This is clearly an issue which was litigated and should be precluded from re-litigation. Finally, ¶ 6 requests for the Court to declare that IPI does not have to pay the regulatory fee for the periods of its license suspension. This too was found by the NMI Supreme Court to be due and payable. *See CCC v. IPI*, 2023 MP 8 ¶ 56 (IPI conceded to the violations and finding judicial estoppel would preclude them from flip-flopping later). Thus, these issues were litigated, IPI had more than one chance to challenge the issues, failed in its challenge at the NMI Superior and Supreme Courts and now turns to this Court. This Court should preclude Plaintiff from continuing to litigate things which it already litigated and lost.

    **3. The Commonwealth Enjoys Sovereign Immunity From Suits In Federal Court.**

      The Commonwealth of the Northern Mariana Islands enjoys sovereign immunity under its own laws in federal court. *See Ramsey v. Muna*, 849 F.3d 858, 860-861 (9th Cir. 2017). This immunity goes beyond the immunity conferred by the 11th Amendment and is established based on the Commonwealth's own autonomy as a sovereign entity. *Id*. ("The drafters [of the

Covenant]6 likely viewed inclusion of the Eleventh Amendment in § 501(a) as unnecessary to secure immunity, given the long line of authority holding that a State's immunity from private suits is an inherent aspect of sovereignty, not a principle derived solely from the Eleventh Amendment.") (citations omitted). Thus, "the Commonwealth may not be sued without its consent on claims arising under its own laws." *Id*. at 861.

IPI has sued the Commonwealth under its own laws. The First Cause of Action asks this Court for review based on the unconstitutional impairment of contracts under the CNMI Constitution. FAC at ¶¶ 40-50 (ECF 26). The Commonwealth is immune from such a suit. *See* Ramsey, 849 F.3d at 860-861.

To the extent the First Cause of Action alleges violations of the U.S. Constitution, the Commonwealth should also enjoy sovereign immunity from suit. While the Commonwealth acknowledges the holding of *Fleming v. Department of Public Safety,* 837 F.2d 401 (9th Cir. 1988) and the findings of this Court in *Manila v. CNMI Department of Corrections*, 2019 WL 324424 at *4 (D. N. Mar. Is. January 24, 2019), an intervening change in law has taken place and *Fleming* is irreconcilable with United States Supreme Court precedent in *Alden v. Maine*, 527 U.S. 706 (1999), which held that "[t]hese holdings reflect a settled doctrinal understanding, consistent with the views of leading advocates of the Constitution's ratification, that sovereign immunity derives not from the Eleventh Amendment but from the structure of the original Constitution." *Id*. at 728-29 (emphasis added). The Supreme Court even clarified that "[t]he Eleventh Amendment confirmed, rather than established, sovereign immunity as a constitutional principle; it follows that the scope of the States' immunity from suit is demarcated not by the text of the Amendment alone, but by fundamental postulates implicit in the constitutional design." *Id*. If this was not clear enough, the United States Supreme Court outright stated: "the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Id*. (emphasis added). Under the holding in *Alden* that sovereign immunity is not derived from or limited by the Eleventh Amendment, *Fleming* can no longer be reconciled or recognized as good law. As such, and against the findings of this Court in *Manila*, the Court should hold that *Alden* was an intervening case which establishes the CNMI's sovereign immunity outside of the Eleventh Amendment. *Alden* is intervening because it was decided

---

6 The full title of the Covenant is a Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America.

eleven years after *Fleming*. Both this Court and the Ninth Circuit have questioned the holding of *Fleming*. It is time for this Court to join the U.S. Supreme Court in declaring that sovereign immunity is not derived from or limited by the Eleventh Amendment, and to hold the Commonwealth enjoys full sovereign immunity. To be clear, the Commonwealth is not only asserting that *Fleming* should no longer be considered good law; it is also arguing that the Commonwealth has sovereign immunity outside of the Eleventh Amendment as established by *Alden* and therefore enjoys sovereign immunity in-and-of-itself simply by being a sovereign and thus is immune from suit.

The Second Cause of Action is a § 1983 claim against the Commonwealth for alleged violation of the Fifth Amendment takings clause. As discussed above, the Commonwealth should be immune from suit based on its sovereign immunity as well. Even under current precedent a § 1983 cause of action may only be brought for injunctive relief and no monetary penalty when it is against the Commonwealth. The Commonwealth is not a person within the meaning of § 1983 and to the extent the Cause of Action requests for anything other than injunctive relief, the Commonwealth should be dismissed. *See Camacho v. CNMI DOC*, 2019 WL 392376 at *4 (D. N. Mar. Is. January 31, 2019) ("[I]t is well established that neither the CNMI nor its officers acting in their official capacity can be sued under § 1983 because they are not persons within the meaning of the statute.") (cleaned up). IPI is asking for attorney fees and costs in association with its Third Cause of Action and to such extent, the Commonwealth should be dismissed. FAC at ¶ 56 (ECF 26). Further, IPI also seeks restitution for all past amounts paid of the regulatory and other fees. Thus, IPI is clearly seeking more than injunctive relief.

The Third Cause of Action is a § 1983 claim for due process violations of the U.S. and NMI Constitutions. As argued above, the Commonwealth should be immune from both parts of the Third Cause of Action, but it is definitively established that the Commonwealth is immune as to the NMI Constitutional claim, and may only be sued for injunctive relief to the extent it is not immune from suit.

The Fourth Cause of Action for alleged breach of the CLA is entirely under the laws of the Commonwealth. FAC at ¶¶ 66-70 (ECF 26). Plaintiff attempts to bring this action under 28 U.S.C. § 2201, but that statute does not apply because the Court has no jurisdiction over the Commonwealth for actions arising under its own laws and the CLA itself is governed only under the laws of the Commonwealth. *See* ECF 26 Exhibit A at § 17 ("This License and the terms

herein shall be interpreted under the laws of the Commonwealth of the Northern Mariana Islands and the exclusive jurisdiction of the courts thereof.")

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully moves to dismiss this suit with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

                                             OFFICE OF THE ATTORNEY GENERAL
                                             EDWARD MANIBUSAN
                                             Attorney General

Date:   May 23, 2024                    /s/ *J. Robert Glass, Jr.*
                                             J. Robert Glass, Jr. (F0523)
                                             Chief Solicitor
                                             Attorney for Defendant
                                             Commonwealth of the Northern Mariana Islands