Stephen J. Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950
Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
(*Pro Hac Vice*)

*Attorneys for Plaintiffs IPI (CNMI) LLC and Best Sunshine International (BVI) Ltd.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC, Best Sunshine International (BVI) Ltd.; <br><br> Plaintiffs, <br><br> vs. <br> Commonwealth of the Northern Mariana Islands, et. al. <br><br> Defendants. | **CASE NO. 1:24-cv-00002** <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT CNMI'S MOTION TO DISMISS** <br><br><br> **Hearing Date:** <br> **Time:** <br> **Judge: Hon. David O. Carter** |

//
//
//
//
//
//
//
//

# TABLE OF CONTENTS

**I.   INTRODUCTION** ...................................................................................................................1

**II.  FACTUAL BACKGROUND** ...................................................................................................2

**III. MOTION TO DISMISS LEGAL STANDARD** ......................................................................4

    A.   Rule 12(b)(6) Standard ..............................................................................................4

**IV.  LEGAL ARGUMENT** ............................................................................................................5

    A.   IPI's claims are not barred by *Res Judicata*. ...........................................................5

        i.   *The claims center on facts arising after the filing of the earlier actions* ........................5

        ii.  *The claims are not the same.* .................................................................................6

        iii. *None of the previous Commission proceedings shall be given res judicata effect to the claims raised in this Action.* ................................................................................7

    B.   CNMI waived its 11th Amendment Sovereign Immunity for claims under 42 USC §1983. ...........................................................................................................................9

**V.   NO OPPOSITION TO SOVEREIGN IMMUNITY TO CLAIMS ARISING FROM CNMI LAWS** ....................................................................................................................................10

**VI.  CONCLUSION** ......................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Alabama v. Pugh*, 438 U.S. 781, 782, 57 L. Ed. 2d 1114, 98 S. Ct. 3057 (1978) (per curiam)....11

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)..........................................................5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).....................................................................4

*Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). .................5

*Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir.2003)..............................................7

*Congregation Etz Chaim v. City of Los Angeles*, 2011 WL 12462883, at *7 (C.D.Cal.,2011) ....10

*Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. at 99, (1957)..............................................................4

*Fleming v. Department of Public Safety*, 837 F.2d 401 (9th Cir. 1988).........................................11

*French v. Jones*, 876 F.3d 1228, 1237 (C.A.9 (Mont.), 2017) .......................................................10

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). ...........................................4

*Guru Nanak Sikh Society of Yuba City v. Cnty. of Sutter*, 326 F.Supp.2d 1128, 1133
    (E.D.Cal.2003)...........................................................................................................................10

*In re Estate of Dela Cruz,* 2 N.M.I. at 11 .......................................................................................8

*In re Estate of Ogumoro*, 1994 WL 725951, at *3 (N. Mariana Islands,1994)..............................8

*Madrid v. Concho Elementary School Dist. No. 6 of Apache Cnty.*, 2008 WL 45410, at *2
    (D.Ariz.,2008)..............................................................................................................................9

*Manila v. CNMI Department of Corrections*, 2019 WL 324424 at *4 (D. N. Mar. Is. January 24,
    2019).....................................................................................................................................11, 12

*Marshall v. Jerrico*, 446 U.S. 238, 242 (1980) ..............................................................................9

*Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003)...................................................................11

*Misischia v. Pirie,* 60 F.3d 626, 629 (9th Cir.1995)........................................................................8

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) ......................................7

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-99, 79 L. Ed. 2d 67, 104 S.
    Ct. 900 (1984)............................................................................................................................11

*Royal Crown Ins. Corp. v. Northern Mariana Islands*, 447 Fed. Appx. 760, 763 (C.A.9 (N. Mariana Islands), 2011) .................................................................................................. 8

*Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). ........................ 9

*U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) ............................................................ 5

*United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966) ........................................................................................................................... 9

**STATUTES**

4 C.M.C. Section 2309 (a) ............................................................................................................. 2

**OTHER AUTHORITIES**

Public Law 19-24 ............................................................................................................................ 2

**RULES**

8(e) ................................................................................................................................................. 4

Fed. R. Civ. P. 12(b)(6), ................................................................................................................. 4

Fed. R. Civ. P. 8(a) ......................................................................................................................... 4

Rule 201 of the Federal Rules of Evidence .......................................................................... 2, 3, 4

Rule 201 of the Federal Rules of Evidence. ................................................................................. 3

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

# **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs Imperial Pacific International (CNMI) LLC, ("IPI") and Best Sunshine International (BVI) Ltd. hereby oppose the Motion to Dismiss (ECF No. 31) filed by Defendant Commonwealth of the Northern Mariana Islands.

## I. INTRODUCTION

In its First Amended Complaint, (ECF No. 26), which is the current operative pleading, Plaintiff alleged four causes of actions: 1. Violation of the contracts clauses of the U.S. and CNMI constitutions, 2. Violation of the taking clauses of the U.S. Constitution, 3. Violation of the Due Process Clause of U.S. and CNMI Constitutions, and 4. Breach of the Casino License Agreement. Plaintiffs sought declaratory, injunctive and equitable relieves.

Defendant CNMI has moved to dismiss the Complaint pursuant to Rules 12 (b) (1) and (6) of the Federal Rules of Civil Procedure. Defendant CNMI argues that the Complaint should be dismissed under Rule 12(b) (6) due to the doctrine of *res judicata*. Defendant CNMI further argues that the Complaint should be dismissed under Rule 12 (b) (1) against CNMI because CNMI enjoys sovereign immunity in federal court.

Defendant's argument as to *res judicata* must fail because the constitutional claims brought in this action arose after the earlier litigation (a "bright line rule" for not applying *res judicata*) and are distinct from the claims litigated earlier. Further, affording the Commission order *res judicata* effect would be a manifest injustice and offend the important public interest of judicial impartiality. Simply put, the Commission cannot be expected to impartially rule on constitutional challenges against the very statutory scheme that funds the Commission and renders its existence possible.

Defendant CNMI's argument as to its sovereign immunity contradicts with the settled legal precedents and its argument in this respect borderlines frivolous.

## II. FACTUAL BACKGROUND

As alleged in the FAC: On or about August 12, 2014, IPI entered into a Casino License Agreement (CLA) with the Governor and the Commonwealth Lottery Commission. Under CLA, among other obligations, IPI would pay a fifteen million dollar annual Casino License Fee. IPI paid the annual license fee each year between 2014 and 2019.

On December 4, 2015, CNMI promulgated Public Law 19-24, which imposes a new obligation on IPI to pay CCC an annual "Casino Regulatory Fee" of three million dollars on or before October 1 of each year beginning October 1, 2015 ("Regulatory Fee Statute").

The Regulatory Fee is due to CCC "regardless of the actual costs incurred by the [CCC]." 4 C.M.C. Section 2309 (a). IPI paid the Casino Regulatory Fee each year from 2015 through 2019.

Before Public Law 19-24 was signed by then Acting Governor, Ralph DLG. Torres, the CNMI legislature's statutory language provided for a "Nonrefundable Credit" to the Regulatory Fee such that IPI could apply the $3 million Regulatory Fee to CCC as a credit against taxes on general revenue as imposed by 4 C.MC. Section 1301. However, the Acting Governor vetoed the provision of "Nonrefundable Credit" with the stated reason that, "the cost of regulating casino gaming activities on Saipan are to be paid in full by the licensee."

Due to the onset of the Covid-19 pandemic and the government mandated shutting of the casino and all travel to Saipan, IPI was unable to make its October 1, 2020, Regulatory Fee payment. The Commission commenced several enforcement actions, including Complaint No. 20-005 with regard to IPI's failure to pay the Regulatory Fee on October 6, 2020. See **Exhibit A.** (Plaintiff requests the court to take judicial notice of Exhibit A under Rule 201 of the Federal Rules of Evidence.)

In response to Complaint No. 20-005, IPI asserted in its affirmative defenses that the Regulatory Fee is unconstitutional, including for the reasons that it is an unlawful taxation disguised as a fee, it deprives IPI of property without due process and is arbitrary and excessive, it violates IPI's right to equal protection, and it is an unconstitutional executive impoundment of

funds. See **Exhibit B ¶¶ H, I, J, and K.** (Plaintiff requests the court to take judicial notice of Exhibit B under Rule 201 of the Federal Rules of Evidence.)

Following what are claimed to have been "evidentiary hearings," on March 2, 2021, the Commission issued Order 2021-002 on April 22, 2021. With respect to Complaint No. 20-005, the Order contains one, short, conclusory paragraph simply finding that IPI "offered no defense" to the claims and thus violated the Regulatory Fee requirements. See **Exhibit C ¶17.** (Plaintiff requests the court to take judicial notice of Exhibit C under Rule 201 of the Federal Rules of Evidence.) The Order overlooks IPI's affirmative defenses related to its constitutional challenge to the Regulatory Fee, and offers no analysis or finding on these constitutional claims. There are two signatories to the Order: CCC Chairman Edward C. Deleon Guerrero and Defendant Demapan. ECF No. 1-3 at 6. The Chairman is a signatory as to Enforcement Action 2020-003 (consolidated). ECF No. 1-3 at 6. Defendant Demapan is a signatory as to Enforcement Action 2020-001 (consolidated). Defendant Taitano voted for Commission Order.

On March 15, 2022, the Superior Court for the Commonwealth of the Northern Mariana Islands issued its order affirming the Commission Order. See **Exhibit D.** (Plaintiff requests the court to take judicial notice of Exhibit D under Rule 201 of the Federal Rules of Evidence.) As the constitutional issues were clearly not within the scope of the underlying Commission Order, the court ruling similarly does not address any of the constitutional concerns raised in IPI's initial affirmative defense before the Commission.

Likewise, the Commonwealth Supreme Court's Order issued on August 25, 2023, primarily addresses the *force majeure* issue, and does not address any such constitutional arguments. See **Exhibit E.** (Plaintiff requests the court to take judicial notice of Exhibit E under Rule 201 of the Federal Rules of Evidence.)

Notably, however, the CNMI Supreme Court affirmed in part, reversed in part, and remanded the matter back to the Commission for further proceedings consistent with the opinion.

On October 16, 2023, CNMI Superior Court thus issued its order "return[ing] this matter to CCC for proceedings consistent with the NMI Supreme Court's" order. See **Exhibit F.**

(Plaintiff requests the court to take judicial notice of Exhibit F under Rule 201 of the Federal Rules of Evidence.)

Since the issuance of the Opinion by CNMI Supreme Court, it has been the positions of CNMI government and CCC that IPI is liable for the annual regulatory fee under the annual regulatory fee statute during the period when its casino license was suspended since April 22, 2021, together with fees and penalties, the regulatory fee allegedly owed to CCC is over $10M USD.

III.  MOTION TO DISMISS LEGAL STANDARD

**A.  Rule 12(b) (6) Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *See, e.g., Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to merely "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. at 99, (1957)).

The Supreme Court in *Twombly* has adopted a "plausibility standard," in which the complaint must simply "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Twombly, supra*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 570). "[A]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

Rule 12(b)(6) motions are disfavored, and should rarely be granted if there is a possibility of amendment. *U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) (Rule 12(b)(6) relief is only appropriate in extraordinary circumstances).

## IV. LEGAL ARGUMENT

### A. IPI's claims are not barred by *res judicata*.

IPI's constitutional claims in this action are not barred by *res judicata* for two reasons. First, they center on facts arising after the filing of the earlier actions, and second, they concern different claims (the first involving whether IPI is obligated to pay the annual regulatory fee during force majeure period, the second involving whether IPI is obligated to make the annual regulatory fee during the period when its casino license was suspended).

### i. The claims center on facts arising after the filing of the earlier actions.

As to the first argument, it is settled law that "the rule that a judgment is conclusive as to every matter that could have been asserted ***does not*** apply to new claims that arise while the first action was being litigated." *Ashker v. Cate*, No. C 09-2948 CW, 2012 U.S. Dist. LEXIS 45575, at *13-14 (N.D. Cal. Mar. 30, 2012) (emphasis added, citing *Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*, 750 F.2d 731, 739 (9th Cir. 1984). "Thus, *res judicata* does not bar litigation of claims based on events that occurred after the filing of the complaint in the first lawsuit." *Id.*, (citing *Curtis v. Citibank*, N.A., 226 F.3d 133, 139 (2nd Cir. 2000) (cited in *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 693 (9th Cir. 2007)).

In fact, the Ninth Circuit has recently characterized this as a bright-line rule: "To assess whether two claims could have been brought together, we apply ***a bright-line rule*** 'that *res judicata* does not apply to events post-dating the filing of the initial complaint." *Flores v. Life Ins. Co. of N. Am.*, No. 22-55779, 2024 U.S. App. LEXIS 1386, at *2-3 (9th Cir. Jan. 22, 2024) (emphasis added, citing " *Howard v. City of Coos Bay*, 871 F.3d 1032, at 1039 (9th Cir. 2017), quoting *Morgan v. Covington Township*, 648 F.3d 172, 177-78 (3d Cir. 2011)).

Here, central to IPI's constitutional claims in this action are the events arising after the filing of the earlier litigation, namely: the Commission's interpretation and application of the

annual regulatory fee statue as to the period when IPI's casino license was suspended by CCC, even assuming IPI waived its force majeure defense in the CCC and CNMI State Actions.

For this reason alone, and under this "bright line" rule, *res judicata* does not bar IPI's constitutional claims in this action.

### ii. The claims are not the same.

Setting this aside and for the sake of argument, a further reason why *res judicata* does not apply is because the claims in this action are necessarily different than any sort of claims that could have been asserted in the earlier litigation as they concern the IPI's obligation to pay the regulatory fees during the time when its license was suspended as opposed to whether IPI's obligation to pay the regulatory fees during force majeure period, and center on different sets of facts.

"Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.") (citing *Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir.2003) *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

At the time of the earlier litigation, IPI was only confronting and challenging the imposition of the annual regulatory fee during the force majeure period, whereas now it is challenging the imposition of the annual regulatory fee during the period when its license was suspended by CCC.

They also arise out of different transactional nuclei of facts: the first arising out of IPI's initial failure to pay the regulatory fee based on *force majeure*, and the second involving Defendant's continuing to demand the regulatory fee for the period when IPI's license was temporarily suspended.

Finally, allowing IPI to challenge the imposition of annual regulatory fees during the period when its license was suspended would not destroy the rights and interests established in

the earlier litigation which pertained to the failure to pay the regulatory fee during the force majeure period and other issues leading up to and during the pandemic shut down.

For these reasons, the claims are not the same and *res judicate* does not apply.

### iii. None of the previous Commission proceedings shall be given res judicata effect to the claims raised in this Action.

With respect to an administrative agency's decision in particular, a further ground for not affording it *res judicata* effect is where "it was (1) void when issued, or (2) the record is patently inadequate to support the agency's decision, or if according the ruling *res judicata* effect would (3) **contravene an overriding public policy** or (4) **result in a manifest injustice**." *In re Estate of Ogumoro*, 1994 WL 725951, at *3 (N. Mariana Islands,1994) (emphasis added, citing *In re Estate of Dela Cruz,* 2 N.M.I. at 11).   Thus, "the policy of according *res judicata* effect to administrative rulings which appear final, must be tempered with "fairness and equity." *Ogumoro*, 1994 WL 725951, at *4 (citing *Dela Cruz*, at 11 n.7). "Neither collateral estoppel nor *res judicata* is rigidly applied. Both rules are qualified or rejected when their application would contravene an overriding public policy or result in a manifest injustice." *Id.*, (citing *Dela Cruz* at 12 n. 7) (holding that to afford administrative decision with *res judicata* would result in manifest injustice where the administrative record was patently inadequate to support the decision).

Therefore, for an agency administrative determination to have preclusive effect in federal court, the agency must have "complied with the fairness requirements of federal common law." *Royal Crown Ins. Corp. v. Northern Mariana Islands*, 447 Fed. Appx. 760, 763 (C.A.9 (N. Mariana Islands), 2011) (citing *Misischia v. Pirie,* 60 F.3d 626, 629 (9th Cir.1995)) (additional citations omitted).[1]   To have preclusive effect in federal court, the state administrative

---

[1] These cases and other cases where courts afford *res judicata* effect to an administrative decision involve the administrative body acting in a true judicial capacity where it is deciding a dispute between two other parties and hearing evidence on specific issues and applying law to the evidence.   Here, in contrast, the constitutional claims asserted in this action concern the Commissions' own decision-making and call into question the statute that underpins the Commissions' own funding, meaning the Commission cannot sit in a true judicial capacity on

determination must satisfy the requirements of fairness set out in *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). *Misischia*, 60 F.3d at 629. These requirements are: (1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate. *Id.*, citing *Utah Constr.,* 384 U.S. at 422, 86 S.Ct. at 1560.

Judicial impartiality and due process are essential in this analysis. See *Marshall v. Jerrico*, 446 U.S. 238, 242 (1980) (the neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law and preserves both the appearance and reality of fairness . . . by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him). *Hardesty Id*. at 1052 ("Preclusion law 'is, of course, subject to due process limitations[,]" citing *Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008).

Therefore, courts **do not** afford *res judicata* to administrative decisions lacking in due process on account of a ***conflict of interest or lack of impartiality***. *Madrid v. Concho Elementary School Dist. No. 6 of Apache Cnty.*, 2008 WL 45410, at *2 (D.Ariz.,2008) (denying motion to dismiss based on *res judicata* from administrative decision where plaintiff asserted "that conflicts of interest and bias precluded the Board from properly considering his termination and precluded him from having an adequate opportunity to litigate his concerns" and thus plaintiff raised factual issues with respect to the *Utah Construction* elements that made dismissal inappropriate); *Congregation Etz Chaim v. City of Los Angeles*, 2011 WL 12462883, at *7 (C.D.Cal.,2011) (improper to give preclusive effect to administrative decision because the constitutional claim raised by the lawsuit "could not have been before [administrative agency] because it was [their] ultimate decision . . . and the allegedly discriminatory nature of that decision, that gave rise to plaintiff's claims…it would be counterintuitive, to say the least, for a federal court to shield local government officials from scrutiny under the Constitution and

---

these issues, and posing significant due process concerns with giving *res judicata* effect to any Commission decision on these issues.

federal civil rights laws by giving preclusive effect to their allegedly discriminatory decisions. Federal common law does not command such an abdication of judicial responsibility." (citing *Guru Nanak Sikh Society of Yuba City v. Cnty. of Sutter*, 326 F.Supp.2d 1128, 1133 (E.D.Cal.2003) ("the lawsuit before the court challenges the Board's own actions and therefore could not possibly have been decided by the Board in a manner warranting preclusion.")).

The commissioner hearing officers in the previous CCC proceeding received the vast majority of their compensation from the very regulatory fee that is being challenged, they have deep conflicts of interest. Certainly they would not be inclined to declare the regulatory framework that underpins their salary to be unconstitutional.  *See., e.g., Caperton v. A. T. Massey Coal Co.,* 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208, (2009) (noting important policy of protecting "public confidence in the fairness and integrity of the nation's elected judges" and holding that a judge who had received a three million dollar campaign contribution from a party should have recused himself from a case involving that party); See, also *French v. Jones*, 876 F.3d 1228, 1237 (C.A.9 (Mont.), 2017) (recognizing important public interest in preserving actual and perceived judicial impartiality).

### B. CNMI waived its 11th Amendment Sovereign Immunity for claims under 42 USC §1983.

Under *Fleming v. Department of Public Safety*, 837 F.2d 401 (9th Cir. 1988), it is clear that where "under section 1983, a citizen sues a state in its own name in federal court, the suit cannot proceed unless the state has waived its sovereign immunity and thereby consented to the suit." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-99, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 57 L. Ed. 2d 1114, 98 S. Ct. 3057 (1978) (per curiam). "However, it is a settled law that "[a] close examination of the Covenant convinces us that its drafters intended that the Commonwealth not enjoy such immunity." *Fleming*, 837 F.2d at 404.

CNMI argues that the *Fleming* case was "irreconcilable with United States Supreme Court precedent in *Alden v. Maine*, 527 U.S. 706, 728-29 (1999)" However, this argument is contradicted by findings of this Court in a more recent case: *Manila v. CNMI Department of*

*Corrections*, 2019 WL 324424 at *4 (D. N. Mar. Is. January 24, 2019). In *Manila*, this Court stated "Fleming is a published, precedential decision of the Ninth Circuit. Circuit precedent must be followed as long as it is not 'clearly irreconcilable with the reasoning or theory of intervening higher authority[.]' *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003). In *Norita v. Northern Mariana Islands*, the Ninth Circuit examined the reasoning of *Alden* and determined that it did not undermine Fleming. 331 F.3d 690, 696 (9th Cir. 2003) ('We have found no closely-on-point intervening Supreme Court decision undermining *Fleming's* holding that CNMI is not entitled to an Eleventh Amendment defense [or] any Ninth Circuit authority questioning *Fleming's* further holding that the CNMI, at least be implication, waived any common law sovereign immunity when it ratified the Covenant."). Since *Norita* and *Christian*, there have been no new decisions from the Supreme Court or from the Ninth Circuit sitting en banc that cannot be reconciled with Fleming. Hence, this Court 'may not reconsider *Fleming* and declare it overruled by implication.' Id. at 696-97." See *Manila* at 8.

Therefore, *Fleming* is still controlling, and Defendant CNMI is a proper party to the instant action in this Court.

## V. <u>NO OPPOSITION TO SOVEREIGN IMMUNITY TO CLAIMS ARISING FROM CNMI LAWS</u>

Plaintiffs do not oppose the argument raised by CNMI that CNMI has not waived its sovereign immunity for claims arising from CNMI laws. Accordingly, Plaintiffs intend to move the Court for leave to amend the FAC on this issue, as soon as the other defendants have an opportunity to respond to the FAC.

## VI. <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs respectfully request that Defendant CNMI's Motion to Dismiss be denied in its entirety.

Dated: June 5, 2024
Saipan, CNMI

Respectfully submitted,

By: /s/ Stephen Nutting

Stephen Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
By: /s/ Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice*
Attorneys for Plaintiffs

OPPOSITION TO MOTION TO DISMISS FAC BY CNMI

11