OFFICE OF THE ATTORNEY GENERAL
EDWARD MANIBUSAN
Attorney General
Carl F. Dela Cruz (F0525)
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950
Telephone: 670-237-7500
Email: carl_delacruz@cnmioag.org
Attorneys for Defendants
*Commonwealth Casino Commission, Edward C. Deleon Guerrero, Rafael S. Demapan, and Mariano Taitano*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| IMPERIAL PACIFIC INTERNATIONAL (CNMI) LLC,<br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et. al.,<br><br>Defendants. | CIVIL CASE No. 24-00002<br><br>**DEFENDANTS COMMONWEALTH CASINO COMMISSION, EDWARD C. DELEON GUERRERO, RAFAEL S. DEMAPAN, AND MARIANO TAITANO's MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**<br><br>**HEARING DATE / TIME:**<br>**JULY 25, 2024 9:30 A.M.** |

Defendants Commonwealth Casino Commission, Edward C. Deleon Guerrero, Rafael S. Demapan, and Mariano Taitano, in their official and personal capacities (collectively referred to herein as "Defendants"), respectfully submit this memorandum in support of their motion to dismiss this above-captioned case pursuant to Federal Rule of Civil Procedure 12(b)(1).

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Atlantic Coast Line R. Co. v. Engineers,* 398 U.S. 281 (1970) ……………………………......14

*Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L.Ed. 939 (1946)………………………………..12

*Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415…………………10
(9th Cir. 1992)

*Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir.2009)…………….11

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)……….. 12, 13, 14, 15
*v. Feldman*, 460 U.S. 462, 468-69 (1983)

*Johnson v. Torres Enterprises LP*, No. 18-CV-02929-VKD, 2019 WL 285198……….10,11,12
(N.D. Cal. Jan. 22, 2019). ).

*Norita v. Commonwealth of the Northern Mariana Islands Department*……………………...10
*of Public Safety et al.*, WL150875 (D. N. Mar. I. Jan.10, 2019)

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)……………………….9,10

*Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003)…11

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), as revised (May 24, 2016)…………………18

*St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)………………………………..11

*Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 102 (1998)……………………….10,12,17,18

*United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015).

**Constitution**

United States Constitution Art. III, § 2, cl. 1………………………………………..4,12,17,18

**Statutes and Rules**

42 U.S.C. § 1983…………………………………………………………………...7,8,11

4 CMC § 2317…………………………………………………………………………19

4 CMC § 2309……………………………………………………………………………..5,19

NMIAC § 175-10.1-610…………………………………………………………………....5

NMIAC § 175-10.1-675…………………………………………………………………....4

NMIAC § 175-10.1-1225……………………………………………………………...…4

NMIAC § 175-10.1-1805……………………………………………………………...…4,5

## INTRODUCTION

IPI, on June 7, 2024, filed a request with this court for an entry of default against Edward C. Deleon Guerrero, Rafael S. Demapan, and Mariano Taitano, in their official and personal capacities pursuant to Federal Rule of Civil Procedure 55(a) (ECF No. 33). By submission of their motion to dismiss, they respectfully inform the court that they oppose the entry for default. Defendants, including the Commonwealth Casino Commission, also respectfully request that the court dismiss this case pursuant to Federal Rule of Civil Procedure 12(b) (1) because it lacks subject-matter jurisdiction under *District of Columbia Court of Appeals v. Feldman*, 460 U.S. (1983) and because IPI fails to allege a "case or controversy" within the meaning of Article III of the U.S. Constitution.

## BACKGROUND

### 1. <u>The 2020 Enforcement Actions</u>

Defendant Commonwealth Casino Commission ("CCC") conducted the following enforcement actions:

i. Enforcement Action 2020-001, alleging that IPI violated the Casino License Agreement (CLA) by failing to pay "the required Community Benefit Fund contributions required by Amendment #3 in violation of § 175-10.1-675(b)(1)"; and alleging that IPI breached the CLA in violation of § 175-10.1-1805(b)(15).

ii. Enforcement Action 2020-002, alleging that IPI failed to pay the Annual License Fee due August 12, 2020 in violation of 4 CMC § 2306(b); that IPI violated the CLA by failing to pay the Annual License Fee "for more than twelve hours" in violation of CCC regulations §§ 175-10.1-610(b) and 175-10.1-1805(b)(15).

iii. Enforcement Action 2020-003, alleging four claims, including the claim that IPI "violated Commission Order 2020-003" by failing to maintain the required cash or cash equivalents in a CNMI or United States bank;

iv. Enforcement Action 2020-004, alleging four claims, including the claim that IPI "violated Commission Order 2020-004" by failing to pay accounts payable that were over 89 days old.

  v. Enforcement Action 2020-005, alleging four claims, including the claim that IPI violated 4 CMC § 2309 and CCC Regulation § 175-10.1-1225 by failing to pay the Casino Regulatory Fee "in full when due for more than" 12 hours.

*See* Exhibit A at 10-14. Enforcement Actions 2020-001 and 2020-002 were consolidated into Enforcement Action 2020-001. Exhibit A at 10. Enforcement Actions 2020-003, 2020-004, and 2020-005 were consolidated into Enforcement Action 2020-003. Exhibit A at 10.

**2. The Commission Order No. 2021-002**

On or about April 22, 2021, the CCC issued Commission Order No: 2021-002. ECF No. 26 at 7; *see also* Exhibit A at 10-18. As to Enforcement Action 2020-003, the Order suspended IPI's casino gaming license and imposed a $1.5 Million penalty. Exhibit A at 16-17; *see also* Exhibit C at 4 ¶ 10. As to Enforcement Action 2020-004, the Order suspended IPI's casino gaming license and imposed a $2 Million penalty. Exhibit A at 17; *see also* Exhibit C at 4 ¶ 10. As to Enforcement Action 2020-005, the Order suspended IPI's casino gaming license and imposed a $1.5 Million dollar penalty. Exhibit A at 17; *see also* Exhibit C at 4 ¶ 10.

**3. The State Court Proceedings**

On or about May 26, 2021, IPI appealed the Commission Order No. 2021-002 to the Commonwealth of the Northern Mariana Islands (CNMI) Superior Court. Exhibit A. IPI alleged, that the Order was "arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law and unwarranted by the facts"; that the CCC "did not consider, determine or reasonably base" the "Order upon the appropriate application of principles of force majeure under Commonwealth law" or "the Force Majeure clause set forth in the Casino License Agreement (Article 25)"; and that the Order was "unwarranted by the facts" and "reasons set forth in Amendment No. 9 to the Casino License Agreement"; and that CCC violated its due process rights. Exhibit A at 6.

The CNMI Superior Court affirmed the Order. Exhibit B at 2. The superior court held that the Commission Order No. 2021-002 "was not arbitrary, capricious, an abuse of discretion (or, not in Accordance with Law); contrary to constitutional right; in excess of statutory jurisdiction or rights; without observation of due process procedures required by law; or unsupported by substantial evidence." Exhibit B at 22-27.

IPI appealed the superior court's order to the CNMI Supreme Court, arguing that the superior court erred in "failing to address force majeure," and that the COVID-19 pandemic was a force majeure event that excused IPI's "performance" as to each of the enforcement actions under Commission Order No. 2021-002. *See* Exhibit C (C*ommonwealth Casino Comm'n v. Imperial Pac Int'l*, 2023 MP 8) at 3-5. IPI also claimed that it "suffered a due process violation" that called for "setting aside all sanctions" under Commission Order No. 2021-002. *See* Exhibit C at 3-5.[1] The CNMI Supreme Court affirmed in part and reversed in part the lower court's order and remanded the matter to the CCC for further proceedings consistent with the opinion. Exhibit C at 19 ⁋ 64.

**4. <u>The First Amended Complaint</u>**

On May 9, 2024, IPI filed the First Amended Complaint (ECF No. 26). The Complaint alleges five causes of action as follows:

**A.** <u>First Cause of Action</u>

---

1 Recognizing that CNMI Law provides that IPI's casino license "shall not be suspended or revoked absent [sic] finding of clear and convincing evidence," the Court applied the "competent and substantial evidence" standard where the "the alleged error on appeal is that the evidence does not support the findings." C*ommonwealth Casino Comm'n v. Imperial Pac Int'l*, 2023 MP 8 ⁋ 15. With respect to legal questions, including the question of whether the CCC's "conduct satisfies statutory and constitutional due process protections" and "contract interpretation" issues, the Court used the "de novo" standard of review. C*ommonwealth Casino Comm'n v. Imperial Pac Int'l*, 2023 MP 8 ⁋ 16.

The First Cause of Action accuses Defendants of "impairing" the Casino License Agreement (CLA) in violation of the Contracts Clauses of the U.S. and CNMI Constitutions. ECF No. 26 at 8. The principal allegations for support of the contention are:

i. The Annual Regulatory Fee Statute, Commission Order 2021-002, and the "most recent demand for immediate payment by Defendants" "nullify" the CLA and "impose completely unexpected and new liabilities and limitations" on IPI's operations;

ii. The Annual Regulatory Fee Statute, "as applied" to IPI during Covid-19 amounted to an "unconstitutional impairment" of the CLA's force majeure clause; and

iii. Application of the Annual Regulatory Fee Statute during Covid-19, without "due" regard to the CLA's force majeure clause, was an "unconstitutional" deprivation of IPI's "bargained for right" to be "free from default for any failure or delay in paying the fees.

**B.** Second Cause of Action

The Second Cause of Action is a 42 U.S.C. § 1983 action and accuses Defendants of violating the Takings Clause of the U.S. Constitution. The principal allegations for support are the following:

i. Defendants "require IPI to pay excessive and unlawful fees" "pursuant" to the Annual Regulatory Fee Statute "without formal condemnation, as a condition for IPI to operate its business" even though "no such" regulatory fee is required under the CLA;

ii. Via the "enactment and implementation" of the Annual Regulatory Fee Statute and "the issuance of Commission Order 2021-002," Defendants "permanently, directly, and substantially" interfered with IPI's "contractual and property rights (the casino license)," constituting an "unauthorized taking of its casino license without just compensation.

**C.**     Third Cause of Action

The Third Cause of Action is a 42 U.S.C. § 1983 action accusing Defendants of violating the Due Process Clauses of the U.S. and CNMI Constitutions. The principal allegations are the following:

    i.     Defendants, "by the enactment and implementation of the regulatory fee statute, the issuance of Commission Order 2021-002," and Defendants' "most recent demand for immediate payment," "caused IPI to suffer a deprivation of its federal and commonwealth constitutional rights."

    ii.    "Defendants require IPI to pay excessive and unlawful fees" "pursuant" to the Annual Regulatory Fee Statute "without due process of law in violation of Section 1 of the Fourteenth Amendment."

    iii.   Defendants' "actions" "in enacting and implementing the annual regulatory fee statute" and issuing "Commission Order 2021-002" were "arbitrary, capricious and unreasonable" because Defendants have a "pecuniary interest in enforcing" the Annual Regulatory Fee statute and because the Annual Regulatory Fees circumvented the term of the CLA; "[B]ears no reasonable relationship to the true costs of regulating IPI; and "[C]onsistently exceeded the actual costs" of the CCC's operations.

ECF No. 26 at 11-12.

**D.**     Fourth Cause of Action

The Fourth Cause of Action accuses Defendants of breaching the CLA. The principal allegations are the following:

    i.     "The enactment and implementation of the regulatory fee statute, the issuance of

> Commission Order 2021-002, and the most recent demand for immediate payment by Defendants, including over $6M regulatory fees accrued during the force majeure event, and near $10M regulatory fees allegedly accrued during the period when IPI's casino license was suspended by Defendants, constitute a breach of the CLA and an improper unilateral modification of the CLA."

*See* ECF No. 26 at 12-13.

**5. <u>The Prayer For Relief</u>**

IPI prays for injunctive, declaratory, and monetary relief. ECF No. 26 at 14. Among the injunctive relief requested is an order prohibiting Defendants from enforcing the Annual Regulatory Fee statute or that exempts IPI from the Annual Regulatory Fee statute. ECF No. 26 at 14. IPI also prays the court order Defendants to "vacate" all "adverse administrative decisions against IPI that were based upon" the Annual Regulatory Fee statute ("including the imposition of fees, interests and penalties for failure to pay the annual regulatory fees"), including the suspension of IPI's casino license under Commission Order No 2021-002. ECF No. 26 at 14. Among the requested monetary relief are "restitution" of all "regulatory fees" paid, "costs of suit," and attorney's fees. ECF No. 26 at 14. Among the requested declaratory relief are declarations stating that "IPI is exempt or excepted from, or not subject to the terms of the" Annual Regulatory Fee under the "express terms of the CLA"; that the Annual Regulatory Fee statute, "as applied to IPI, is unconstitutional"; and that IPI has no obligation to pay the Annual Regulatory Fee for the period IPI's casino license was suspended. ECF No. 26 at 14.

## LEGAL STANDARD 12(b)(1)

Lack of subject-matter jurisdiction may be raised at any time. *Kontrick v. Ryan*, 540 U.S. 443, 446 (2004) (Stating that "[o]nly lack of subject-matter jurisdiction is preserved post-trial.").

Subject-matter jurisdiction refers to the court's "statutory or constitutional" power to "adjudicate" a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89–90, (1998). "Federal courts have no power to consider claims for which they lack subject-matter jurisdiction." *Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) *overruled on other grounds by United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015).

A defendant may "move to dismiss a claim for lack of subject matter jurisdiction" pursuant to Federal Rule of Civil Procedure 12(b)(1). *Norita v. Commonwealth of the Northern Mariana Islands Department of Public Safety et al.*, WL150875 at *2 (D. N. Mar. I. Jan.10, 2019). The motion is either "facial or factual." *Norita v. Commonwealth of the Northern Mariana Islands Department of Public Safety et al.*, WL150875 at *2 (D. N. Mar. I. Jan.10, 2019). *Id*. "Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction." *Johnson v. Torres Enterprises LP*, No. 18-CV-02929-VKD, 2019 WL 285198, at *1–2 (N.D. Cal. Jan. 22, 2019). ). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Johnson v. Torres Enterprises LP*, No. 18-CV-02929-VKD, 2019 WL 285198, at *1–2 (N.D. Cal. Jan. 22, 2019)(citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment." *Johnson v. Torres Enterprises LP*, No. 18-CV-02929-VKD, 2019 WL 285198, at *1–2 (N.D. Cal. Jan. 22, 2019) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d

1035, 1039 (9th Cir. 2004). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must 'present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *Johnson v. Torres Enterprises LP*, No. 18-CV-02929-VKD, 2019 WL 285198, at *1–2 (N.D. Cal. Jan. 22, 2019)(quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

In responding "to a factual attack," the plaintiff "must present…evidence necessary to satisfy" its "burden" of demonstrating that "the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir.2009) (citation omitted). See also *Johnson v. Torres Enterprises LP*, No. 18-CV-02929-VKD, 2019 WL 285198, at *1–2 (N.D. Cal. Jan. 22, 2019) ("The plaintiff always bears the burden of establishing subject matter jurisdiction." (citing *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). The district court may look beyond the pleadings to the parties' evidence without converting the motion to dismiss into one for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000). "The Supreme Court has determined that jurisdictional dismissals are warranted "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Johnson v. Torres Enterprises LP*, No. 18-CV-02929-VKD, 2019 WL 285198, at *1–2 (N.D. Cal. Jan. 22, 2019) (citing *Bell v. Hood*, 327 U.S. 678, 683 (1946); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010, 140 L. Ed. 2d 210 (1998) (Stressing that "[d]ismissal for lack of subject-matter jurisdiction is proper when the claim is "so insubstantial, implausible, foreclosed by prior

decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy" within the meaning of Article III of the U.S. Constitution.). "[W]here the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous," dismissal for want of jurisdiction is warranted. *Bell*, 327 U.S. at 682–83. *Johnson v. Torres Enterprises LP*, No. 18-CV-02929-VKD, 2019 WL 285198, at *1–2 (N.D. Cal. Jan. 22, 2019) (citing *Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L.Ed. 939 (1946).

## ARGUMENT

**I.** The court should dismiss this above-captioned case pursuant to Federal Rule of Civil Procedure 12(b)(1) because (A) it lacks subject-matter jurisdiction under *District of Columbia Court of Appeals v. Feldman*, 460 U.S. (1983), (B) IPI fails to allege a "case or controversy" within the meaning of Article III of the U.S. Constitution.

**A.** This court lacks subject-matter jurisdiction under *D.C. Ct. of Appeals* because (1) the allegations in the Complaint (ECF No. 26) requires the court to review a final determination in a judicial proceeding of the highest court in the jurisdiction of the Commonwealth of the Northern Mariana Islands (CNMI).

In *D.C. Ct. of Appeals* the District of Columbia bar denied the plaintiff-Feldman's application for admission to the District of Columbia bar on the basis that he did not graduate "from an approved law school." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 465-66 (1983). In denying his application, the D.C. Bar "stated that only the District of Columbia Court of Appeals could waive the requirement." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 466 (1983). Feldman later petitioned the District of Columbia Court of Appeals for "admission to the bar without examination" or, in the alternative, that he be allowed to take the bar exam. *D.C.*

*Ct. of Appeals v. Feldman*, 460 U.S. 462, 466 (1983). In the petition, Feldman did not identify a cause of action that entitled him to take the bar exam. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 475 (1983) ("Feldman's petition did not claim that a refusal of his waiver request would deny him any right at all."). The petition "simply" asked that the appeals court "temper its rule in" Feldman's "favor, for personal and not legal reasons." *Id*. In an order denying the petition, the D.C. Court of Appeals "stated simply that" '[o]n consideration of the petition of Marc Feldman to waive the provisions of Rule 46 of the General Rules of this Court, it is ORDERED that applicant's petition is denied.'" *C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 468 (1983). Feldman filed suit in the U.S. District Court for the District of Columbia "challenging the denial" and seeking "a declaration" that the D.C. Court of Appeals violated the "Fifth Amendment" as and an "injunction" ordering that the appeals court "grant Feldman admission to the District of Columbia bar or…allow him to "sit for the bar examination." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 468-69 (1983).

The District Court dismissed the suit for lack of "subject matter jurisdiction." D*.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 468-70 (1983). The District Court reasoned that "if it were to assume jurisdiction" over the suit, it would be in the "unsupportable position" of reviewing an order of the District of Columbia's "highest court." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 468-69 (1983). On appeal to the United States Court of Appeals, the court acknowledged that the power to "review" "a final judgment of the highest judicial tribunal of a state is vested solely in the Supreme Court of the United States" and that the District Court therefore lacked authority to review the "determinations" of the District of Columbia Court of Appeals "in judicial proceedings." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 474 (1983). However, it reversed the District Court's dismissal of Feldman's "constitutional claims" and remanded them "for

consideration on the merits." The court reasoned that because Feldman failed to allege "any sort of right to be admitted" to the bar, the District of Columbia Court of Appeals' proceedings were not "judicial," thus leaving the door open for "litigation" of the "constitutional claims." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 474 (1983). In the appeal to the U.S. Supreme Court, the Court "acknowledged" that the U.S. District Court had no authority to review the "final determinations" of the D.C. Court of Appeals "in judicial proceedings," *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), and stressed that the "lower federal courts possess no power whatsoever to sit in direct review of state court decisions." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983) (quoting *Atlantic Coast Line R. Co. v. Engineers*, 398 U.S. 281 (1970)).

However, the Court disagreed with the U.S. Court of Appeals' finding that the D.C. Court of Appeals proceedings were not judicial proceedings. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 479 (1983). The Court held that the state proceedings were "judicial" because the court "adjudicated Feldman's claim of a present right admission to the bar" and "rejected it." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 481 (1983). The Court further reasoned that the District of Columbia Court of Appeals was tasked to "investigate, declare, and enforce" "liabilities" based on "present or past facts" and existing law. *See* D.*C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 479 (1983) ("Instead, the proceedings before the District of Columbia Court of Appeals involved a "judicial inquiry" in which the court was called upon to investigate, declare, and enforce "liabilities as they [stood] on present or past facts and under laws supposed already to exist."). The Court stressed that it did not matter that Feldman did not "cite to case authority" or "make any explicit legal" arguments given that it did not change the fact that the court was still faced with a "judicial inquiry." *See* D.*C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 481 (1983).

Having determined that the proceedings were judicial, the Court concluded that to the extent Feldman sought review in the U.S. District Court of the D.C. Court of Appeals' denial, the District Court lacked subject-matter jurisdiction on the basis that the U.S. Supreme Court is the only federal court with the power to review the final determinations in judicial proceedings of state courts. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983). More particularly, the Court held that the District Court had no authority to review Feldman's allegations that the D.C. Court of Appeals "acted arbitrarily and capriciously" and "discriminatorily" in denying his petition. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). The Court reasoned that the allegations are "inextricably intertwined" with the D.C. Court of Appeals denial because the allegations required the District Court to review a "final judicial decision" of the "highest court of a jurisdiction"—which, as the Court stressed, is prohibited. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 463-465 (1983).

**1.** Here, the allegations in the Complaint (ECF No. 26) requires the court to review a final determination in a judicial proceeding of the highest court in the jurisdiction of the CNMI. First, the proceeding was a judicial proceeding. IPI appealed the Commission Order No. 2021-002 to the CNMI Superior Court, alleging, among other things, that the Order was "arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law and unwarranted by the facts"; that the CCC "did not consider, determine or reasonably base" the "Order upon the appropriate application of principles of force majeure under Commonwealth law" or "the Force Majeure clause set forth in the Casino License Agreement (Article 25)"; that the Order was "unwarranted by the facts" and "reasons set forth in Amendment No. 9 to the Casino License Agreement"; and that CCC violated its due process rights. Exhibit A at 6. The superior court affirmed the Order,

The court held that the Commission Order No. 2021-002 "was not arbitrary, capricious, an abuse of discretion (or, not in Accordance with Law); contrary to constitutional right; in excess of statutory jurisdiction or rights; without observation of due process procedures required by law; or unsupported by substantial evidence." Exhibit B at 22-27. In the appeal to the CNMI Supreme Court, the Court affirmed the lower court's ruling in part and reversed in part and remanded the matter to the CCC for further proceedings consistent with the opinion. Exhibit C at19.

For example, the Court found that the force majeure clause in the CLA "excuses any default in IPI's payment during a force majeure event," but that IPI's "payment obligations continue to accrue each year." Exhibit C at 16 ⁋ 48. Further, the Court found that the CCC properly suspended IPI's casino license for failure to pay the annual $3 million Casino Regulatory Fee due October 1, 2020 and that the imposition of related penalties in the amount of $1.5 million under the Commission Order No. 2021-002 were proper. Exhibit C at 3-4, 16-19. The Court reasoned that force majeure is an "affirmative defense" and that the "party invoking the defense" "must prove it by a preponderance of the evidence." Exhibit C at 13 ¶ 18. The Court further reasoned that "substantial evidence" supports the CCC's imposition of sanctions for failing to pay the Casino Regulatory Fee because IPI admitted to the violation and "stated multiple times that it was not raising any defense, and even asked to be held accountable." *See* Exhibit C at 16 ¶ 62. Additionally, the Court found no reason to "gainsay the reasonableness of CCC's decision" as to the Casino Regulatory Fee. *See* Exhibit C at 16 ¶ 62. And while IPI alleges "unconstitutional impairment" of the CLA in view of the CCC's enforcement of the Casino Regulatory Fees under the Commission Order No. 2021-002, the CNMI Supreme Court held that the force majeure clause does not excuse IPI's "duty to perform as a whole." Exhibit C at 14-15.

The proceedings before the CNMI Supreme Court were therefore judicial. The Court was tasked with a "judicial inquiry" resulting in the "declaration" and "enforcement" of "liabilities" based on "present or past facts" and existing law. Moreover, the allegations in the First Amended Complaint are "inextricably intertwined" with the CNMI Supreme Court's final determination under *Commonwealth Casino Comm'n v. Imperial Pac. Int'l*, 2023 MP 8. Exhibit C.

The allegations are "inextricably intertwined" because the requested injunctive relief in the form of an order reversing Defendant CCC's suspension of IPI's casino license and imposition of sanctions for failure to pay the Casino Regulatory Fee pursuant to the Commission Order No. 2021-002, as well as the requested restitution for past payments of the Casino Regulatory Fees, cannot be granted without this court's review and reversal of the CNMI Supreme Court's determination of the matter. The same goes for the requested declaratory relief. The court cannot issue a declaration stating that IPI is exempt from the Casino Regulatory Fee "under the express terms of the CLA." As discussed above, the CNMI Supreme Court specifically determined that under the force majeure clause of the CLA, IPI could be excused from default but that IPI's "payment obligations continue to accrue each year." The same is true for the requested relief in the form of restitution because the relief cannot be granted without the review and reversal of the determination.

**B.** IPI fails to allege a "case or controversy" within the meaning of Article III of the U.S. Constitution because it fails to allege an "injury in fact" that is "concrete and particularized," "actual or imminent," and which is "fairly traceable to the conduct" of Defendants.

Article III, § 2 of the Constitution limits the "judicial power" of the federal courts to "Cases" and "Controversies" that are "justiciable." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 102 (1998). "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 102 (1998). There

are three requirements that must be met to establish Article III standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–03 118 S. Ct. 1003, 1016–17, 140 L. Ed. 2d 210 (1998). First, the plaintiff—"the party invoking federal jurisdiction" must allege "an injury in fact." *See Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 103(1998). To allege an "injury in fact," the plaintiff must allege that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), as revised (May 24, 2016). Second, there must be "causation," the alleged injury must be "fairly traceable to the "complained-of conduct of the defendant." *See Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 102–04 (1998) (citations omitted). Third, there must be "a likelihood that the requested relief will redress the alleged injury"—"redressability." *See Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 102–04 (1998) (citations omitted). *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–04, 118 S. Ct. 1003, 1016–17, 140 L. Ed. 2d 210 (1998) (quoting *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. ——, 137 S. Ct. 1645, 1650, 198 L.Ed.2d 64 (2017). Where there is an absence of standing, the court lacks subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–04, 118 S. Ct. 1003, 1016–17, 140 L. Ed. 2d 210 (1998) ("A lack of standing constitutes a lack of subject matter jurisdiction under Rule 12(b)(1).") (citation omitted).

1.     Here, IPI fails to establish that it has "standing" to sue on the asserted causes of action. For example, under the asserted First Cause of Action, IPI fails to allege an "injury of fact" because it has not suffered "an invasion of a legally protected interest." As the CNMI Supreme Court determined, Defendant CCC properly suspended and imposed the related fines under Commission Order No. 2021-002 as a result of failing to pay the annual $3 million Casino Regulatory Fee and failing to offer any affirmative defense. *See* Exhibit C at 16 ¶ 62.

Additionally, while IPI alleges that the exclusive casino license is a "property right" and that Defendants committed an "unauthorized taking" by issuing the Commission Order No. 2021-002, *See* ECF No. 26 at 10, CNMI Law provides that IPI's casino license may be suspended or revoked. *See* 4 CMC § 2317(d). Additionally, IPI fails to cite to CNMI Law or otherwise showing that IPI's casino license "is a property right."

Further, Defendant CCC conducted hearings before suspending IPI's casino license, Exhibit A at 10-18, and appealed the Commission Order No. 2021-002 to the CNMI's highest court where IPI "admitted" to the violations under Enforcement Actions 2020-003, 2020-004, and 2020-005 and "even asked to be held accountable." *See* Exhibit C at 19 ¶ 62.

What's more, the court is unable to grant the requested relief. For instance, IPI requests that the court issue an injunction preventing the enforcement of the Annual Regulatory Fee statute (4 CMC § 2309) or exempting IPI from the fee and ordering Defendants to "vacate" and "nullify" Commission Order No. 2021-002. This would require the court to review and overturn a final determination in a judicial proceeding of the CNMI Supreme Court. However, like in *District of Columbia Court of Appeals v. Feldman* this court lacks authority to grant the requested relief. 460 U.S. (1983). If IPI wished to challenge the CNMI Supreme Court's decision in should have sought a writ of certiorari from the U.S. Supreme Court.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the court dismiss this suit pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
EDWARD MANIBUSAN
Attorney General

Date:   June 11, 2024            /s/ Carl Dela Cruz
                                 Carl F. Dela Cruz (F0525)
                                 Assistant Attorney General
                                 Attorney for Defendants
                                 Commonwealth Casino Commission
                                 Edward C. Deleon Guerrero
                                 Rafael S. Demapan
                                 Mariano Taitano