OFFICE OF THE ATTORNEY GENERAL
EDWARD MANIBUSAN
Attorney General
Carl F. Dela Cruz (F0525)
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950
Telephone: 670-237-7500
Email: carl_delacruz@cnmioag.org
Attorneys for Defendants
*Commonwealth Casino Commission, Edward C. Deleon Guerrero, Rafael S. Demapan, and Mariano Taitano*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| IMPERIAL PACIFIC INTERNATIONAL (CNMI) LLC, <br><br>    Plaintiff, <br><br> vs. <br><br> COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et. al., <br><br>    Defendants. | CIVIL CASE No. 24-00002 <br><br> **DEFENDANTS COMMONWEALTH CASINO COMMISSION, EDWARD C. DELEON GUERRERO, RAFAEL S. DEMAPAN, AND MARIANO TAITANO's REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Defendants Commonwealth Casino Commission, Edward C. Deleon Guerrero, Rafael S. Demapan, and Mariano Taitano, in their official and personal capacities, collectively referred to herein as "Defendants," respectfully submit this Reply to Plaintiff Imperial Pacific International (CNMI) LLC's ("IPI") Opposition to Defendants' Motion to Dismiss (ECF No. 36).

**ARGUMENT**

IPI's attempt to "survive" the motion to dismiss—by asserting that the FAC challenges the general "constitutionality" of the Annual Regulatory Fee statute "that gives CCC the authority

1

to collect the annual casino regulatory fees accrued during the periods when IPI was shut down due to force majeure events and when IPI's casino license was suspended"—is without merit.

In *Feldman*, the Court held that "constitutional claims" in a complaint are "inextricably intertwined" with a final determination in a judicial proceeding of a state court where the allegations require the district court to review a "final judicial decision" of the highest court of a jurisdiction." *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 463-465 (1983). The "constitutional claims" need not be the same claims raised in a judicial proceeding of a state court for the claims to be "inextricably intertwined." *Campbell v. City of Spencer*, 682 F.3d 1278, 1282 (10th Cir. 2012) quoting *Feldman,* 460 U.S. at 482 n. 16, 103 S.Ct. 1303 ("If the constitutional claims presented to a United States district court are *inextricably intertwined* with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the district court is in essence being called upon to review the state-court decision. This the district court may not do.") (emphasis added). And "[w]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Keene Corp. v. Cass*, 908 F.2d 293, 296–97 (8th Cir. 1990) citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring). "In other words, *Rooker–Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Landers Seed Co. v. Champaign Nat'l Bank,* 15 F.3d 729, 732 (7th Cir.), *cert. denied,* 513 U.S. 811, 115 S.Ct. 62, 130 L.Ed.2d 20 (1994). "If the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling, then the issues are inextricably

intertwined and the district court has no subject matter jurisdiction to hear the suit." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

Here, while IPI styles the FAC as a general challenge to the constitutionality of the Annual Regulatory Fee statute, the relevant allegations in the FAC reveal that IPI is not actually mounting a general constitutional challenge. More particularly, IPI alleges the following:

> 43. Acting under color of Commonwealth law, Defendants have caused IPI to suffer a substantial deprivation of its contract rights in violation of the federal and commonwealth constitutions. The Regulatory Fee Statute imposed additional fees for doing business in CNMI, which constitutes a substantial and *unconstitutional impairment of the CLA*. *IPI was and is still required to pay the $3M annual regulatory fee as a prerequisite to exercising its existing contractual and property rights set forth explicitly in the CLA,* rights for which it already has compensated CNMI. In essence, Defendants are double-charging IPI. The annual regulatory fees are substantial, and the impairment to the express and implied terms of the CLA is direct. The later imposed regulatory fees, *Commission Order 2021-002,* and the most recent demand for immediate payment by Defendants, effectively nullify the explicit terms of the CLA and impose completely unexpected and new liabilities and limitations on the operation of IPI.
>
> 44. The impairment to the CLA by imposing annual regulatory fee is substantial.
>
> 45. The annual regulatory fee statute, *as applied to IPI during the Covid-19 period where its business was shut down with zero revenue for the sakes of public health and welfare,* is an unconstitutional impairment of its contractual right under the force majeure clause within the CLA.
>
> 46. The application of the annual regulatory fee statute, without giving due consideration to an apparent and *significant force majeure event and the force majeure clause in the CLA,* is unconstitutional because it deprives IPI of a bargained for right: right to be free from default for any failure or delay in paying the fees in the event of force majeure.

ECF No. 26 at 9 (emphasis added). Based on the allegations, IPI challenges the Annual Regulatory Fee statute as it was applied to IPI "during the Covid-19 period"—not any general period. Additionally, IPI challenges the statute as an "unconstitutional" considering the "force majeure clause in the CLA." IPI further claims the Annual Regulatory Fee statute was applied

"without…due consideration" to the Covid-19 period. These claims are not general constitutional claims—they are specific constitutional claims.

What's more, the allegations attack the CNMI Supreme Court's final determination under *Commonwealth Casino Comm'n v. Imperial Pac Int'l*, 2023 MP 8. In the determination, the CNMI Supreme Court, in relevant part, determined that the Commonwealth Casino Commission ("CCC") properly suspended IPI's casino license for failure to pay the annual $3 million Casino Regulatory Fee due October 1, 2020 and that the imposition of related penalties in the amount of $1.5 million under the Commission Order No. 2021-002 were proper. *Commonwealth Casino Comm'n v. Imperial Pac Int'l*, 2023 MP 8 ¶¶ 5, 10, 62, 64; ECF No. 35-1 at 16. The court reasoned that: 1. "Force majeure is an affirmative defense" and that "[t]he party invoking" the defense "must prove it by a preponderance of the evidence." *Comm'n v. Imperial Pac Int'l*, 2023 MP 8 ¶ 18; 2. The force majeure clause in the Casino License Agreement ("CLA") "excuses any default in IPI's payment during a force majeure event," but that IPI's "payment obligations continue to accrue each year." *Commonwealth Casino Comm'n v. Imperial Pac Int'l*, 2023 MP 8 ¶ 48 ("A reasonable interpretation of the force majeure clause, read with "reference to the whole," and "giv[ing] effect to all of its provisions, and to render them consistent with each other…is that force majeure excuses any default in IPI's payment during a force majeure event."); 3. IPI admitted to several violations, including the violations in Complaint 005, and "stated multiple times that it was not raising any defense, and even asked to be held accountable." *Commonwealth Casino Comm'n v. Imperial Pac Int'l*, 2023 MP 8 ¶ 62; and 4. "Substantial evidence" supports the CCC's imposition of sanctions for IPI's failure to pay the Casino Regulatory Fee "because IPI admitted to the violations and offered no defense." *Commonwealth Casino Comm'n v. Imperial Pac Int'l*, 2023 MP 8 ¶ 64. So, while IPI attempts to style the FAC as a general constitutional challenge to

the Annual Regulatory Statute, the relevant allegations in the FAC reveal that IPI is in fact challenging the CNMI Supreme Court's final determination of the matter.

Crucially, the court is unable to grant IPI's requested relief without reviewing and reversing the relevant holdings under C*ommonwealth Casino Comm'n v. Imperial Pac Int'l*, 2023 MP 8. This includes, for example, the requested relief in the form of an order reversing Defendant CCC's suspension of IPI's casino license and imposition of sanctions for failure to pay the Casino Regulatory Fee pursuant to the Commission Order No. 2021-002.  *See also* ECF No. 35-1 at 17. Accordingly, the allegations in the FAC concerning the Annual Regulatory Fee statute are "inextricably intertwined" with the CNMI Supreme Court opinion.

What's more, the court is without statutory or constitutional authority to grant any of the relief requested in the FAC.  On this basis alone, the court may dismiss the case for lack of subject-matter jurisdiction.  To be sure, Defendants object to IPI's attempt to revive the FAC by stating that they would request for leave to amend the FAC. ECF No. 36 at 9.  The FAC, if not an explicit appeal, is the functional equivalent of an appeal from the CNMI Supreme Court's determination under C*ommonwealth Casino Comm'n v. Imperial Pac Int'l*, 2023 MP 8—it should therefore be dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the court deny Plaintiff's Opposition to Defendants motion to dismiss this suit pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

                                  OFFICE OF THE ATTORNEY GENERAL
                                  EDWARD MANIBUSAN
                                  Attorney General

Date: July 2, 2024                    /s/ Carl Dela Cruz
                                       Carl F. Dela Cruz (F0525)
                                       Assistant Attorney General
                                       Attorney for Defendants
                                       Commonwealth Casino Commission
                                       Edward C. Deleon Guerrero
                                       Rafael S. Demapan
                                       Mariano Taitano